## Beach *v.* Pennsylvania Railroad Company, Appellant.

|  |  |
|---|---|
| 212 | 567 |
| f 28 SC | 222 |
| 212 | 567 |
| 215 | ³500 |

| 212 | 567 |
| 225 | ¹ 32 |
| 227 | ¹141 |
| f39SC³257 | |

*Negligence—Railroads—Grade crossings—"Stop, look and listen."*

The rule that one who goes on a railroad track immediately in front of a moving train which he saw or could have seen if he had looked at the proper place will be presumed to have been negligent, is in its nature applicable only to clear cases where the facts and the inferences to be drawn from them are free from doubt and the conclusion of negligence is irresistible.

Where negligence has been shown in the management of a train and it

appears that the person injured stopped, looked and listened at the proper place, in good faith and for the accomplishment of the end in view, and exercised care as he advanced to the tracks, the case is necessarily for the jury, although there may be a dispute raised by the testimony as to whether he should have stopped longer or stopped again and have taken more precaution as he advanced.

In an action against a railroad company to recover damages for personal injuries, it appeared from the plaintiff's testimony that he stopped, looked and listened thirty feet from the crossing, the usual place at which to stop, that he continued to look both ways and to listen as he approached the track, and neither saw nor heard the train until the instant his horse was struck. From the place where he stopped he could see less than 200 feet in the direction of the train. This view was not materially enlarged as he approached the track because of a curve in the railroad and of a warehouse which stood nineteen feet from the rails and 174 from the crossing. The night was dark and rainy, the train was running rapidly, and no notice of its approach was given by bell or whistle. The warehouse not only obstructed the view but deadened the sound of the approaching train and the curve in the road caused the light of the engine to fall on the far side of the track until the engine was close to the crossing. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued May 16, 1905. Appeal, No. 252, Jan. T., 1904, by defendant, from judgment of C. P. Lancaster Co., Oct. T., 1902, No. 221, on verdict for plaintiff in case of Jacob Beach v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LANDIS, P. J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented the following points :

2. Where a collision takes place at the moment when a person, either on foot or in carriage, goes upon a railroad track, he cannot recover, no matter what his testimony may be as to stopping, looking and listening, because the fact of the immediate collision conclusively proves that he did not exercise his senses as to the approaching train. *Answer :* Our answer to that point is, that it is refused, under the facts of this case. There may be circumstances, to which these principles do not apply, and to say that it is a universal rule, even as to a traveler in a carriage, under all circumstances, has not, in my judgment, been decided by the courts. I conceive the rule to be that, where the person on the highway approaches a railroad cross-

ing, and the evidence shows that, by the vigilant exercise of his senses of sight and hearing, an approaching train could have been observed or discovered in time to avoid a collision, and a collision takes place at the moment he steps or goes upon the track, he is, as a matter of law, guilty of contributory negligence and cannot recover; but when the evidence is contradictory on this point, the jury must decide. [1]

3. There is evidence in this case that the plaintiff, from a point in the public road opposite the Benedict house, and from thirty-four to forty feet east from the railroad track, could see northward along the railroad to the tobacco shed, and that he did not again stop, look and listen for the approaching train, and that at a point ten or twelve feet from the railroad he could have seen northward along the railroad 425 feet, and, therefore, not again stopping before entering on the crossing, he was guilty of negligence. *Answer:* If the jury believe these to be the facts, then the plaintiff was guilty of contributory negligence and the verdict should be for the defendant. Whether or not they are the facts is for the jury. [2]

5. There is no evidence in this case that the crossing was dangerous, or that the speed of the train was excessive, or that it was not the usual and ordinary and schedule rate of speed, and, therefore, there is no evidence of negligence as to the rate of speed. *Answer:* The only evidence on this question, on the part of the plaintiffs, was that the train was going fast, and one witness, in addition, attempted to give the rate of speed at from thirty-five to forty miles an hour. His knowledge, however, upon the subject of speed, he afterwards admitted, was not extensive. The evidence for the defendant was that the train was going on schedule time. [3]

8. Under all the evidence in the case the verdict should be for the defendant. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*H. M. North,* with him *H. M. North, Jr.,* for appellant.— The case should not have been submitted to the jury: Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Kraus v. Penna. R. R.

Co., 139 Pa. 272; Hughes v. D. & H. Canal Co., 176 Pa. 254; Hovenden v. R. R. Co., 180 Pa. 244; Moore v. R. R. Co., 108 Pa. 349; Marland v. R. R. Co., 123 Pa. 487; R. R. Co. v. Aiken, 25 W. N. C. 13; Hauser v. R. R. Co., 147 Pa. 440; R. R. Co. v. Cadow, 120 Pa. 559; Kelley v. R. R. Co., 19 W. N. C. 400; R. R. Co. v. Mooney, 126 Pa. 244; Myers v. R. R. Co., 150 Pa. 386; Holden v. R. R. Co., 169 Pa. 1.

*C. E. Montgomery*, for appellee.—The following recent authorities unquestionably support the learned court below in the submission of the questions of negligence and contributory negligence to the jury in this case: Bard v. Phila., etc., Ry. Co., 199 Pa. 94; Cromley v. Penna. R. R. Co., 208 Pa. 445; Toban v. Coal Co., 24 Pa. Superior Ct. 475; Summers v. R. R. Co., 24 Pa. Superior Ct. 615; Coolbroth v. Penna. R. R. Co., 209 Pa. 433; Fry v. Penna. R. R. Co., 24 Pa. Superior Ct. 147; McNeal v. Pittsburg, etc., Ry. Co., 131 Pa. 184; Ellis v. Lake Shore, etc., R. R. Co., 138 Pa. 506; McGill v. Pittsburg, etc., Railway Company, 152 Pa. 331; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233; Davidson v. Railway Company, 171 Pa. 522; Laib v. Pennsylvania R. R. Co., 180 Pa. 503; Ragan v. Pennsylvania R. R. Co., 189 Pa. 572; Muckinhaupt v. Erie Railroad Co., 196 Pa. 213; Breunniger v. Penna. R. R. Co., 9 Pa. Superior Ct. 461; Elston v. Delaware, etc., R. R. Co., 196 Pa. 595; Newman v. D., L. & W. R. R. Co., 203 Pa. 530; Wolfe v. Railroad Company, 22 Pa. Superior Ct. 335; Blauvelt v. Railroad Company, 206 Pa. 141; Kuntz v. Railroad Company, 206 Pa. 162; Worthington v. Phila., etc., Ry. Co., 23 Pa. Superior Ct. 195; Mellinger v. R. R. Co., 18 Lanc. Law Rev. 369.

OPINION BY MR. JUSTICE FELL, June 22, 1905:

It has been said repeatedly that the rule that one who goes on a railroad track immediately in front of a moving train which he saw or could have seen if he had looked at the proper place will be presumed to have been negligent, is in its nature applicable only to clear cases where the facts and the inferences to be drawn from them are free from doubt and the conclusion of negligence is irresistible: McNeal v. Pittsburg, etc., Ry., Co., 131 Pa. 184; Muckinhaupt v. Erie Railroad Co., 196 Pa. 213.

Where negligence has been shown in the management of a train and it appears that the person injured stopped, looked and listened at the proper place, in good faith and for the accomplishment of the end in view, and exercised care as he advanced to the tracks, the case is necessarily for the jury, although there may be a dispute raised by the testimony as to whether he should have stopped longer or stopped again and have taken more precaution as he advanced: Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233; Cromley v. Penna. Railroad Co., 208 Pa. 445. In the former case it was said by the present chief justice: ". . . . stopping is opposed to the idea of negligence, and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can properly be drawn from it, the court cannot draw that inference as a conclusion of law, but must send the case to the jury."

It appeared from the plaintiff's testimony that he stopped, looked and listened thirty feet from the crossing, the usual place at which to stop, that he continued to look both ways and to listen as he approached the track, and neither saw nor heard the train until the instant his horse was struck. From the place where he stopped he could see less than 200 feet in the direction of the train. This view was not materially enlarged as he approached the track because of a curve in the railroad and of a warehouse which stood nineteen feet from the rails and one hundred and seventy-four feet from the crossing. The night was dark and rainy, the train was running rapidly, and no notice of its approach was given by bell or whistle. The warehouse not only obstructed the view but deadened the sound of the approaching train, and the curve in the road caused the light of the engine to fall on the far side of the track until the engine was close to the crossing. Under these circumstances the court could not properly have said that the failure of the plaintiff to see the train in time to avoid danger was the result of his negligence. The case was submitted with great care and every right of the defendant was guarded by the charge.

The judgment is affirmed.