Messinger *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Grade crossings—"Stop, look and listen"—Safety gates.*

In an action against a railroad company to recover damages for personal injuries sustained by the plaintiff while driving a two-horse wagon across defendant's tracks at grade on a highway, the case is for the jury where there is evidence that the plaintiff did stop, look and listen at a point where he could see the tracks for a distance of eighty feet from the crossing, that this was the point where people usually stopped to look and listen, that there was no other point from which a further view could be obtained until some of the tracks were crossed, and that at the crossing in question the safety gates were raised.

Safety gates which should be closed in case of danger, if standing open, are an invitation to the traveler on the highway to cross, and while this fact does not relieve the traveler from the duty of exercising care, it is a fact for the consideration of the jury in determining whether he exercised care according to the circumstances.

Argued April 25, 1906.     Appeal, No. 44, Jan. T., 1906, by defendant, from judgment of C. P. Erie Co., Feb. T., 1905, No. 30, on verdict for plaintiff in case of M. B. Messinger v. The Pennsylvania Railroad Company.     Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.     Affirmed.

Trespass to recover damages for personal injuries.     Before THOMAS, P. J., specially presiding.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,000.     Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*J. Ross Thompson,* of *J. Ross Thompson & Son,* for appellant. —To stop, look and listen once will not relieve a person about to cross a railroad track from his duty, and he is not fully discharged by doing this but must continue to use care in approaching the track by looking out and, if necessary, get out of his wagon and go ahead of his horses to look and listen:

Gray v. R. R. Co., 172 Pa. 383; Kinter v. R. R. Co., 204 Pa. 497; Blotz v. Railroad Co., 212 Pa. 154; Penna. R. R. Co. v. Beale, 73 Pa. 504.

*J. W. Sproul,* with him *C. Geo. Olmstead,* for appellee.—The case was for the jury: Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297; Conway v. Ry. Co., 17 Phila. 71; Ellis v. Ry. Co., 138 Pa. 506; Newton v. R. R. Co., 18 Pa. Superior Ct. 18; Kinter v. R. R. Co., 204 Pa. 497; Whitman v. R. R. Co., 156 Pa. 175; Newman v. R. R. Co., 203 Pa. 530; Penna. R. R. Co. v. Ackerman, 74 Pa. 265; Beach v. R. R. Co., 212 Pa. 567; Roberts v. Canal Co., 177 Pa. 183; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Elston v. Delaware, etc., R. R. Co., 196 Pa. 595; Cookson v. Pittsburg & Western Ry. Co., 179 Pa. 184; Gray v. Penna. R. R. Co., 172 Pa. 383.

OPINION BY MR. JUSTICE ELKIN, May 24, 1906:

We agree with the statement of the rule of law set out in the argument of the learned counsel for appellant wherein it is said to be the absolute, imperative and unbending duty of a person about to cross the tracks of a railroad at grade, to stop, look and listen. It must be conceded also that it is not a compliance with this rule to stop at a point where the traveler cannot see, and it is his duty to continue to use care in approaching and even crossing the tracks, and in some instances a performance of his duty may require the driver to get out of his wagon and go ahead of his horses to look and listen. We are not convinced, however, that under the facts of the case at bar there was such neglect of duty in these respects as would justify a court in holding as a question of law that plaintiff was guilty of contributory negligence. The most favorable view that can be taken of this contention is that whether the plaintiff stopped at a proper place and exercised due care in approaching and crossing the tracks after he had stopped, looked and listened, was a question of fact to be determined by the jury.

On the question of whether the plaintiff observed the rule the learned trial judge in his charge to the jury said : " There was evidence that the plaintiff did stop, look and listen at a certain point. There is considerable evidence that this is the

point at which the people about to cross these tracks usually stop, look and listen, so we could not as a matter of law say there was negligence because of the stopping at that particular point." As to whether this was a proper place to stop, and whether Messinger and the driver could see in the direction of the approaching train, the court further instructed the jury as follows: " At the place where they stopped, looked and listened, they could see the tower house a distance of some eighty feet from the crossing. There was evidence to the effect that one could see no further until after having crossed several of the tracks, while there was some evidence that the track could be seen some little distance when one was at the gate, but a person could not get that view while in his rig until his horses were already on one of the tracks, and then according to the testimony of defendant's engineer only a point on defendant's road could have been seen."

Under these circumstances, it was clearly a question for the jury to say whether Messinger stopped at the proper place, whether he could see at that place, and whether there was a better place at which he should have stopped in order to comply with the rule. It is earnestly contended, however, that under the facts of this case, it was the duty of the driver or plaintiff to get out of the wagon and go ahead to look and listen for approaching trains. Kinter v. Railroad Company, 204 Pa. 497, is relied on to support this position. The rule of that case is not applicable to the facts of the present case, as will appear from Hanna v. Railway Company, 213 Pa. 157, wherein it was said, " In that case it was held to be the duty of Kinter to stop, look and listen at a place where he could see the approaching train. The evidence showed that he did not stop at such a point, and it being conceded that he could not see where he did stop, it was for the court to say that he had not observed the rule requiring him to look." In the present case the weight of the testimony shows that Messinger did stop at the usual and customary place, that he had an unobstructed view of the tracks to the tower about eighty feet east of the crossing, and the testimony is conflicting as to whether there was any better place at which he could have stopped. The contention that there was a point near the safety gates from which he could see a point on the railroad about 160 feet east

of the tower, would not justify the court in holding as a matter of law that he should have stopped at that point, because before the driver could see from that point his horses would have passed the safety gates and be upon the first tracks, and then he could only see a particular point on the railroad. Then, again, the safety gates were raised, which was an invitation to cross over, and while it did not relieve appellee from the duty to observe care, it certainly raised a question for the jury to determine whether proper care had been exercised under the circumstances. In Roberts v. D. & H. Canal Co., 177 Pa. 183, it was said: " Safety gates which should be closed in case of danger, if standing open, are an invitation to the traveler on the highway to cross, and while this fact does not relieve the traveler from the duty of exercising care, it is a fact for the consideration of the jury in determining whether he exercised care according to the circumstances." All of our cases recognize this rule.

The peculiar facts of this case are the best answer to the contention of the learned counsel for the appellant in so far as he asks the court to say as a question of law that there can be no recovery. The tracks of three railroad companies cross the avenue at the place where the accident occurred. The first was the track of the W. N. Y. & P. R. R. Co., which was located within nine feet of the south safety gate, from which direction Messinger approached. The next two tracks were those of the Erie Railroad, the next two tracks of the Pennsylvania Railroad, and then the two interchangeable switches used in common by all these roads. The accident occurred on the second track of the Pennsylvania Railroad and the fifth on the crossing. In other words, having been invited by the raised safety gates to cross over, and there being testimony tending to show that appellee exercised proper care in approaching the crossing, and being on the fifth track before the collision occurred, and having testified that he continued to use care while on the crossing, it was clearly a case for the jury. In the recent case of Beach v. Railroad Company, 212 Pa. 567, Mr. Justice Fell stated the rule applicable to the facts of the present case wherein he said: " Stopping is opposed to the idea of negligence, and unless notwithstanding the stop the whole evidence shows negligence so clear that no other inference can

properly be drawn from it, the court cannot draw that inference
as a conclusion of law, but must send the case to the jury."

After a careful examination of the testimony, the charge of
the trial judge and the arguments in the case, we are convinced
that this was a case for the jury, and that no error has been
committed in submitting it for their determination.

Assignments of error overruled and judgment affirmed.