# Lohrey, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Grade crossing—"Stop, look and listen"—Obstruction of view—Contributory negligence—Safety gates.*

Where the driver of a wagon approaches a grade crossing over a railroad having three tracks, at a time the safety gates are raised, and it appears that the view of the second and third tracks is obstructed by high buildings at both corners within eight feet of the first track, and by standing cars upon the first track, the duty of the driver is not fulfilled by merely stopping before going upon the first track, but he is bound to get off his wagon and go ahead of his team, and look and listen for trains approaching on the second and third tracks, and if he fails to do so, and his wagon is struck by a train on the third track, no recovery can be had for the loss of the wagon and its contents. In such a case the driver was not justified in driving upon the tracks after stopping because of the fact that the safety gates were open.

Argued April 17, 1908. Appeal, No. 198, April T., 1908, by plaintiff, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1908, No. 527, for defendant non obstante veredicto in case of Henry Lohrey v. Pennsylvania Railroad Company. Before RICE, P. J.; PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for the destruction of a wagon and its contents and for injuries to a horse. Before CARNAHAN, J.

288 LOHREY, Appellant, *v.* PENNSYLVANIA R. R. CO.

Statement of Facts—Opinion of the Court. [36 Pa. Superior Ct.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict for plaintiff for $329.46. The court subsequently entered judgment for defendaut non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Harvey A. Miller,* for appellant.—The case was for the jury: Messinger v. Penna. R. R. Co., 215 Pa. 497; Penna. R. R. Co. v. Ackerman, 74 Pa. 265; Rauch v. Smedley, 208 Pa. 175; Devlin v. Beacon Light Co., 198 Pa. 583.

*James R. Miller,* with him *Patterson, Sterrett & Acheson,* for appellee, cited: Kinter v. Penna. R. R. Co., 204 Pa. 497; Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610; Greenwood v. Railroad Co., 124 Pa. 572; Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297; Messinger v. Penna. R. R. Co., 215 Pa. 497; Urias v. Railroad Co., 152 Pa. 326.

OPINION BY MORRISON, J., May 14, 1908:

In this action of trespass, based on the negligence of the defendant, the court below refused the defendant's motion for a binding instruction and there was a verdict in favor of the plaintiff, but, on motion of defendant's counsel, the learned court subsequently entered judgment on the whole record in favor of the defendant non obstante veredicto. To this judgment the plaintiff excepted and appealed to this court.

The only assignment of error requiring discussion is the third, based on the said judgment.

There was sufficient evidence to carry the question of the defendant's negligence to the jury, although it seems to us that on this question the evidence was strongly in favor of the defendant. But the veracity of the witnesses and the weight of their testimony were for the jury.

The judgment of the court was against the plaintiff on the ground of the contributory negligence of his driver who had the property in charge which was injured by the defendant's shifting engine. If the testimony of the driver, clearly and without drawing any doubtful or uncertain inferences, con-

victs him of contributory negligence, then, under the evidence in this case, the plaintiff cannot be permitted to recover. He testified as follows: "Q. You will explain to the court and jury how you drove to the crossing and crossed, and how the injury occurred? A. Well, in the evening I was coming along, coming from Smallman, driving down towards the crossing, and I heard and see nothing till I got there and stopped. I drove on until I got in the middle of the tracks, and I seen an engine coming down and I drove on over and it hit me. Q. Could you see down the tracks? A. No, you couldn't see down nor up; the cars are up and down, standing on both sides, until you go on the second track, then you can see up and down. Q. Let us know where you did stop? A. You can't see very far that way. If you want to see up and down the track, you have got to get right up on top of it. Q. Your horses' heads were at the gate when you stopped? A. Yes, sir. Q. Did you get off the wagon? A. No, sir. Q. Could you see anything from where you stopped? A. No, sir. Q. Then you started right ahead? A. Yes, sir. Q. Why couldn't you see anything? A. Well, you can't see around a corner. Q. Around the corner of what? A. The mill. Q. Was there anything besides the mill that obstructed your view of the track? A. Empty cars on each side. Q. Did you see the watchman? A. Yes, sir. Q. Where was he? A. Up in the tower house. Q. Was there any signal from him? A. No, sir."

According to all the testimony there were three tracks at the place of the accident and the driver says he had crossed two of these tracks, and was hit on the third track. He also testifies clearly that he could not see these tracks at the time of the accident, to his right and left, till he got to the second track and then he could see the third one, on which he was struck.

It is perfectly clear that on account of a mill within eight feet of the track at each corner of the street where the driver stopped, and the cars standing on the first track, he could not see to the right or left far enough to justify him in driving onto the tracks without going ahead of his team and looking and listening.

The driver was familiar with the crossing as he testified he had been crossing there for seventeen years. It is contended that the evidence that the safety gates were open should carry the question of the driver's negligence to the jury, and on this point, Messinger v. Penna. R. R. Co., 215 Pa. 497, is cited. We do not think that case controls the present one. In it there was evidence that the plaintiff did stop, look and listen at a point where he could see the tracks for a distance of eighty feet from the crossing, and there was no other point from which a further view could be obtained until some of the tracks were crossed, and at the crossing the safety gates were raised. . Under that state of facts it was held that the open safety gates is a fact for the consideration of the jury in determining whether the plaintiff exercised care according to the circumstances. But that case and several others hold that open safety gates do not relieve the traveler from the duty of exercising care.

In the present case the plaintiff's driver was very familiar with the crossing, and he stopped at a place where he could not get a view of the tracks on account of the cars standing on the first track and the mills on each side of him, standing so close to the track that he said he could not see the tracks around their corners. We do not think he was justified in driving upon the tracks because of the alleged fact that the safety gates were open. That fact did not relieve him from the exercise of due care. By failing to exercise such care he drove upon the tracks and was hit because he did not do what the Supreme Court said must be done in such a case, in Kinter v. Penna. R. R. Co., 204 Pa. 497, i. e., get down and go where he could see. See, also, Dryden v. Penna. R. R. Co., 211 Pa. 620.

Under the facts detailed by the driver he was guilty of negligence in driving upon the tracks without descending from his wagon and going ahead of his team till he could get an adequate view of the tracks. See, also, Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610; Penna. R. R. Co. v. Ackerman, 74 Pa. 265; Penna. R. R. Co. v. Beale, 73 Pa. 504.

As to the safety gates, see, Greenwood v. Railroad Co.,

124 Pa. 572, 577; Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297.

In Urias v. Railroad Co., 152 Pa. 326, it was said: "But where there is no such doubt; where the deceased stopped at a point where he could not see, it is for the court to determine whether it was a proper place." And again: "If he stopped behind the icehouse at a point where he admittedly could not see, it was not a compliance with the rule laid down in Railroad Co. v. Beale, 73 Pa. 504."

This case does not materially differ from Keller v. Phila. & Reading Ry. Co., in which we filed an opinion on February 28, 1908, affirming the judgment in favor of the defendant non obstante veredicto.

We feel constrained by many decisions to hold that the learned court below did not err in entering judgment non obstante veredicto in favor of the defendant.

Judgment affirmed.