# Guthrie *v.* Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Railroads—Grade crossings—"Stop, look and listen"—Case for jury.*

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing it was conceded that the crossing was an exceptionally dangerous one, and at the time of the accident was incumbered with cars, etc., which obstructed the view. The plaintiff driving towards the crossing stopped at a point about eighty feet from the tracks, looked through a driveway or opening to

the east where a view could be had for a distance of about 500 feet, and seeing or hearing nothing drove on to a further point variously stated from fifty to twenty-five feet, and again stopped, looked and listened. A freight train was pulling out from the siding at this point and when it had cleared the crossing the driver looked again, having a clear view to the east for about 800 feet, started to cross and was struck by an express train coming from the east on the main track. At the time of starting several persons including a brakeman on the rear of ,the freight train pulling out called and motioned to the driver who unfortunately mistook the signals to mean "come on" instead of "keep back." *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 16, 1908. Appeals, Nos. 164 and 165, Oct. T., 1908, by defendant, from judgment of C. P. Washington Co., Nov. T., 1907, No. 9, on verdict for plaintiffs in case of M. G. Guthrie and Elizabeth Guthrie, his wife, v. The Baltimore & Ohio Railroad Company. Before Mitchell, C. J., Fell, Brown, Mestrezat, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McIlvaine, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for M. G. Guthrie for $3,000 and for Elizabeth Guthrie, $7,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Norman E. Clark*, with him *Winfield McIlvaine*, for appellant.

*T. F. Birch*, for appellees, was not heard.

Per Curiam, November 2, 1908:

The crossing at which the accident occurred is conceded to be exceptionally dangerous, and at the time was incumbered with cars, etc., which obstructed the view. The plaintiff driving towards the crossing stopped at a point about eighty feet from the tracks, looked through a driveway or opening to the east where a view could be had for a distance of about 500 feet, and seeing or hearing nothing drove on to a further point variously stated from fifty to twenty-five feet, and again stopped, looked

and listened. A freight train was pulling out from the siding at this point and when it had cleared the crossing the driver looked again, having a clear view to the east for about 800 feet, started to cross and was struck by an express train coming from the east on the main track. At the time of starting several persons including a brakeman on the rear of the freight train pulling out called and motioned to the driver who unfortunately mistook the signals to mean "come on" instead of "keep back."

This is a brief outline of the chief elements in a rather complicated situation, but it is sufficient to show that the plaintiff's driver was endeavoring to observe the rule and not dashing ahead in reckless disregard of it. Whether he used the diligence and caution which the situation required was therefore a question for the jury: Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233; Beach v. Penna. R. R. Co., 212 Pa. 567; Howard v. B. & O. R. R. Co., 219 Pa. 358.

How far the driver was excusable for regarding what he took to be invitation or advice to drive on, was also a matter for the jury. It depended altogether on the circumstances and is not susceptible of subjection to a fixed rule. It is urged by appellant that the brakeman was not in the position of a watchman for the crossing and therefore his action even if it had been, as the driver thought it was, an invitation to drive on, could not bind the railroad. But that is not its application. It was not evidence of defendant's negligence, but evidence tending to rebut contributory negligence on the part of plaintiff. The absence of official character in the person giving the advice did not go to the admissibility but to the weight of the evidence. To drive on in the face of an understood warning to keep back, no matter from whom received, would certainly be some evidence of negligence, and for like reason an invitation or advice to come on would be evidence to negative negligence, not so strong as in the other case, for in positions of risk or danger every one is bound to use his own senses in acting with care, but nevertheless evidence of such weight as the jury should accord it under the circumstances.

Judgment affirmed.