## Kitchen *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Obstructed crossing—Invitation of brakeman to cross—Evidence—" Stop, look and listen "—Case for jury.*

In an action for damages for personal injuries, the case is for the jury and a verdict for the plaintiff will be sustained where it appears that the accident occurred at a crossing of defendant's road where there were three tracks; that the first was an unoccupied switch, and

on the second track stood a long freight train which blocked the way; that the plaintiff waited near the first track between five and ten minutes, in a temperature several degrees below zero, when a brakeman walked back from the engine, uncoupled the cars and signaled the engineer, who drew part of the train off the crossing, leaving an opening some fifteen or twenty feet wide, through which the brakeman walked to the third track, turned and beckoned the plaintiff to come on; that before starting his horses the plaintiff stood up on the seat of his sled and looked and listened, and continued to look and listen, leaning forward, as he drove on the crossing; and that his sled was struck on the third track by a shifting engine running rapidly backward, of the approach of which no signal was given.

Argued May 2, 1911.    Appeal, No. 89, Jan. T., 1911, by defendant, from judgment of C. P. Warren Co., Sept. Term, 1910, No. 7, on verdict for plaintiff in case of William Kitchen v. Pennsylvania Railroad Company.    Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.    Affirmed.

Trespass for personal injuries.    Before HINCKLEY, P. J. The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $3,850.    Defendant appealed.

*Error assigned* was in refusing defendant's point for binding instructions.

*U. P. Rossiter,* of *Rossiter & Thompson,* for appellant.

*D. U. Arird,* for appellee.

PER CURIAM, July 6, 1911:

The testimony in support of the plaintiff's case clearly required its submission to the jury. The plaintiff approached the crossing of the defendant's road where there were three tracks. The first was an unoccupied switch, on the second track there stood a long freight train composed of thirty-five or forty cars, which blocked his way. He waited near the first track between five and ten min-

utes, in a temperature several degrees below zero, when a brakeman walked back from the engine, uncoupled the cars and signaled the engineer, who drew a part of the train off of the crossing. This left an opening fifteen or twenty feet wide through which the brakeman walked to the third track, turned and beckoned to the plaintiff to come on. Before starting his horses the plaintiff stood up on the seat of his sled and looked and listened for a train and continued to look and listen, leaning forward, as he drove on the crossing. His sled was struck on the third track by a shifting engine running rapidly backward and of the approach of which no signal was given.

The plaintiff stopped at a proper place, waited until the train was parted and a way opened for him to cross and went on at the invitation of defendant's employee who was in charge of the situation, and in a position to observe any threatened danger. He did not then blindly rely upon notice from the brakeman but was vigilant to observe for himself. If, under the circumstances, he should have taken any further precaution, was not a matter that could be properly determined by the court: Guthrie v. Railroad, 222 Pa. 366.

The judgment is affirmed.