# Muckinhaupt v. Erie Railroad.

*Negligence — Contributory negligence — Province of court and jury— Railroad.*

In order to justify the court in treating the question of contributory negligence as one of law, not only the facts but the inferences to be drawn from them must be free of doubt. If there is doubt as to either, the case must go to the jury.

The whole duty of one about to cross the tracks of a steam road at grade is not in all cases confined to his stopping, looking and listening for the approach of a train. He must stop at a proper place, and when he proceeds he should continue to look and to observe the precautions which the danger of the situation requires. He should stop again if there is another place nearer the tracks from which he can better discern whether there is danger. But whether the place at which he stopped was the proper place at which to stop, and whether there is a second place at which he should stop, are questions of fact for the jury, and not matters of law for the court.

The rule that one who goes in front of a moving train which he must have seen if he looked should be held guilty of negligence, is in its nature a rule applicable only to clear cases where the conclusion to be drawn from facts and circumstances is irresistible.

| | |
|---|---|
| 196 | 213 |
| 196 | 598 |

| | |
|---|---|
| 196 | 213 |
| 203 | [2]385 |
| 203 | [2]535 |
| 196 | 213 |
| 206 | [3]164 |
| 196 | 213 |
| 208 | [2]448 |
| f 24 SC | [2]149 |
| 24 SC | [2]620 |
| 196 | 213 |
| 212 | [2]230 |
| 212 | [3]570 |
| 28 SC | [1] 8 |
| 28 SC | [3] 10 |

| | |
|---|---|
| 196 | 213 |
| [1]222 | [2]165 |

| | |
|---|---|
| 196 | 213 |
| 225 | [2]603 |
| 227 | [1]141 |
| f39SC | [1]257 |

Plaintiff while driving a two-horse buggy on a country road approached a grade crossing of a railroad which was at an oblique angle. About 500 or 600 feet from the crossing and on the side on which the train approached, the tracks were in a cut of considerable depth. When plaintiff was about 175 feet from the crossing, he stopped, looked and listened particularly in the direction of the cut. Neither hearing nor seeing a train he proceeded to go on, and after he had gone about twenty feet, a boy who was riding with him drew down a side curtain and looked up the tracks, and reported that no train was in sight. His horses at this time were on a slow trot, and so continued until the crossing was reached. The diagonal crossing was forty-five feet in length, and going in the direction in which the plaintiff drove, the left hind wheel of a wagon was about three feet beyond the tracks before the right hind wheel was clear of them. The plaintiff knew nothing of the approach of the train until he was about in the middle of the crossing, and then only by observing the flash of the headlight on the ground between his horses. The right hind wheel of the buggy was struck after the left hind wheel was clear of the tracks. No notice was given by whistle or bell or otherwise of the approach of the train, which was running on a down grade at the rate of forty-five or fifty miles an hour. The place at which the plaintiff stopped was the usual place of stopping to look and listen for the approach of a train by those who used the highway. It was the best place from which to observe the approach of a train, as between that place and the crossing the view was obstructed by an embankment. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued April 24, 1900. Appeal, No. 115, Jan. T., 1900, by defendant, from judgment of C. P. Crawford Co., Sept. T., 1899, No. 115, on verdict for plaintiff in case of Charles M. Muckinhaupt v. Erie Railroad Company. Before GREEN, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before THOMAS, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $8,000. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*George W. Haskins*, for appellant, cited Wojochoski v. Central R. R. Co., 10 Pa. Superior Ct. 469, Gleim v. Phila. & Reading R. R. Co., 181 Pa. 387, Hartman v. P. & R. R. R. Co., 182 Pa. 172, Moore v. P. W. & B. R. R. Co., 108 Pa. 349, Penna. R. Co. v. Bell, 122 Pa. 58, Marland v. P. &. L. E.

R. R. Co., 123 Pa. 487, Blight v. R. R. Co., 143 Pa. 10, Myers
v. B. & O. R. R. Co., 150 Pa. 386, Urias v. Penna. R. Co.,
152 Pa. 326, Derk v. N. C. R. R. Co., 164 Pa. 243, and Gan-
gawer v. P. &. R. R. R. Co., 168 Pa. 265.

*John J. Henderson*, for appellee, cited Childs v. Penna. R.
Co., 150 Pa. 73, McGill v. Pittsburg, etc., Ry. Co., 152 Pa. 333,
Whitman v. Penna. R. Co., 156 Pa. 175, Smith v. B. & O. R.
R. Co., 158 Pa. 87, Penna. R. Co. v. Werner, 89 Pa. 59, Phil-
pott v. Penna. R. Co., 175 Pa. 570, Davidson v. Lake Shore,
etc., Ry. Co., 171 Pa. 522, McNeal v. Pittsburg, etc., Ry. Co.,
131 Pa. 184, Ellis v. Lake Shore, etc., R. R. Co., 138 Pa. 522,
Newhard v. Penna. R. Co., 153 Pa. 426, Whitman v. Penna. R.
Co., 156 Pa. 175, and Link v. P. & R. R. R. Co., 165 Pa. 80.

OPINION BY MR. JUSTICE FELL, May 23, 1900 :

The assignments of error which we are asked to consider
present the single question whether the case should have been
withdrawn from the jury on the ground of the plaintiff's con-
tributory negligence.    From the testimony presented by the
plaintiff it appeared that he was driving two horses to a top-
buggy after dark on a country road which is crossed by the
tracks of the defendant's road at an oblique angle.    On the side
on which the train approached the crossing, and 500 or 600 feet
from it, the railroad tracks are in a cut of considerable depth.
There is also a curve in the tracks, with its convex side to-
ward the highway.    The plaintiff, when about 175 feet from
the crossing, stopped, looked and listened, and in order to ob-
tain a better view turned his horses to one side, so that he could
see up the tracks as far as possible.    Neither seeing nor hearing
a train he drove on.    After he had gone about twenty feet a
boy who was riding with him drew down a side curtain and
looked up the tracks and reported that no train was in sight.
His horses at this time were on a slow trot, and so continued
until the crossing was reached.    The diagonal crossing was
forty-five feet in length, and going in the direction in which
the plaintiff drove, the left hind wheel of a wagon might be
three feet beyond the tracks before the right hind wheel was
clear of them.    The plaintiff knew nothing of the approach of
the train until he was about the middle of the crossing, and

then only by observing the flash of the headlight on the ground between his horses. The right hind wheel of the buggy was struck after the left hind wheel was clear of the tracks. No notice was given by whistle or bell or otherwise of the approach of the train, which was running on a down grade at the rate of forty-five or fifty miles an hour. The place at which the plaintiff stopped was the usual place of stopping to look and listen for the approach of a train by those who used the highway. It was the best place from which to observe the approach of a train, as between that place and the crossing the view was obstructed by an embankment. Whether accurate or not as to the distances and the obstructions of view, this was the testimony presented, and on it the question of the plaintiff's negligence was to be determined.

To have determined it as matter of law the court must have held either that it was the plaintiff's duty to stop a second time or that he drove on the tracks in front of a moving train which he could have seen if he had looked before placing himself in a position of danger. In order to justify the court in treating the question of contributory negligence as one of law, not only the facts but the inferences to be drawn from them must be free of doubt. If there is doubt as to either the case must go to the jury: McNeal v. Pittsburg, etc., Ry. Co., 131 Pa. 184; Davidson v. Lake Shore, etc., Ry. Co., 171 Pa. 522. The whole duty of one about to cross the tracks of a steam road at grade is not in all cases confined to his stopping, looking and listening for the approach of a train. He must stop at a proper place, and when he proceeds he should continue to look and to observe the precautions which the danger of the situation requires. He should stop again if there is another place nearer the tracks from which he can better discern whether there is danger. But whether the place at which he stopped was the proper place at which to stop, and whether there is a second place at which he should stop, are questions of fact for the jury, and not matters of law for the court: Ellis v. Lake Shore, etc., R. R. Co., 138 Pa. 506; Urias v. Penna. R. Co., 152 Pa. 326; Whitman v. Penna. R. Co., 156 Pa. 175; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233; Cookson v. Pittsburg, etc., Ry. Co., 179 Pa. 184. In the case last cited it was said: "The usual and customary place of stopping by people using a road cannot

be said as matter of law to be an improper or negligent place. The standard of negligence is what persons of ordinary prudence and carefulness would do under the same circumstances, and a general habit of the public to stop in a certain place is persuasive evidence that that place is the right one. The further the stopping place is from the track the greater will be the chance of an intervening peril before actual crossing. The duty of the traveler is therefore not only to keep a vigilant and continuous outlook, but to stop if a second place affords any increased facility to discover impending danger, but whether there is any such second place is a question of fact which is for the jury if at all in doubt." Nor could the court have said that in driving on the tracks the plaintiff was heedless of a danger which he either saw or could have seen. The train came on a down grade around a curve and through a cut, and could be seen at a distance of 500 or 600 feet only from the crossing. From the edge of the crossing the plaintiff had forty-five feet to drive, and he was within a few inches of getting over the crossing in safety. The train may have come into view after he started to cross. The rule stated in Carroll v. Penna. R. Co., 12 W. N. C. 348, that one who goes in front of a moving train which he must have seen if he looked should be held guilty of negligence, is in its nature a rule applicable only to clear cases, where the conclusion to be drawn from facts and circumstances is irresistible: McNeal v. Pittsburg, etc., Ry. Co., supra.

The judgment is affirmed.