## Armstrong, Appellant, *v.* The Pennsylvania Railroad Company.

*Negligence—Railroads—Grade crossings—"Stop, look and listen"—Case for jury.*

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing, the case is for the jury where the evidence tends to show that the plaintiff approached the crossing riding in an open carriage drawn by two horses; that he was familiar with the crossing, and knew that a train was about due; that he stopped when the horses' heads were ten or twelve feet from the tracks, and looked and listened for a train; that there was no other place from which he could have seen the train at a greater distance, and this was admittedly the best place at which to stop; that neither seeing nor hearing the train he concluded that it had passed the crossing and drove on without looking again until his horses were on the track; and that his horses were struck by a train running backwards, of the approach of which no signal was given.

Argued May 8, 1905. Appeal, No. 338, Jan. T., 1904, by plaintiff, from order of C. P. Fayette Co., March T., 1903, No. 76, refusing to take off nonsuit in case of John Armstrong v. The Pennsylvania Railroad Company, Lessee of and operating the South West Pennsylvania Railway. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before UMBEL, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*D. W. McDonald*, with him *Thomas H. Hudson*, for appellant.—The case was for the jury: Ely v. Ry. Co., 158 Pa. 233 ; Davidson v. Ry. Co., 171 Pa. 522 ; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213 ; Cromley v. Penna. R. R. Co., 208 Pa. 445 ; Fry v. Penna. R. R. Co., 24 Pa. Superior Ct. 147.

*R. W. Playford*, for appellee.—A nonsuit was properly entered : Penna. R. R. Co. v. Beale, 73 Pa. 504 ; Aiken v.

Penna. R. R. Co., 130 Pa. 380; Ritzman v. Phila. & Reading
R. R. Co., 187 Pa. 337; Coppuck v. P. W. & B. R. R. Co.,
191 Pa. 172; Long v. Milford Twp., 137 Pa. 122; Mattimore
v. Erie City, 144 Pa. 14; Lehigh Valley R. R. Co. v. Greiner,
113 Pa. 600; O'Brien v. P. W. & B. R. R. Co., 3 Phila. 76;
Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Marland v. P.
& L. E. R. R. Co., 123 Pa. 487; Hauser v. Central R. R. Co.,
29 W. N. C. 471; Myers v. B. & O. R. R. Co., 150 Pa. 386;
·Urias v. Penna. R. R. Co., 152 Pa. 326; Holden v. Penna.
R. R. Co., 169 Pa. 1.

OPINION BY MR. JUSTICE FELL, May 22, 1905:

The grade crossing at which the plaintiff was injured was
exceptionally dangerous because of a curve and an embankment
which prevented a person on the public road from seeing a
train until it was within seventy-five yards of the crossing.
The railroad tracks were on an embankment five feet above
the public road, and immediately on the other side of them
was a ravine or gully which added to the danger of the situa-
tion.   The plaintiff was riding in an open carriage drawn by
two horses.   He was familiar with the crossing and knew that
a train was about due.   He stopped when the horses' heads
were ten or twelve feet from the tracks and looked and listened
for a train.   There was no other place from which he could
have seen the train at a greater distance, and this was admit-
tedly the best place at which to stop.   Not seeing nor hearing
the train, he concluded that it had passed the crossing and
drove on without looking again until his horses were on the
tracks.   His horses were struck by a train running backwards,
of the approach of which no signal was given.

Whether the plaintiff stopped as long as he should have
stopped and exercised reasonable care under the circumstances
was a question of much doubt under the testimony.   But this
question was for the jury.   The plaintiff was not proceeding
without regard to his duty.   He stopped at the proper place,
close to the tracks, long enough to satisfy himself that he could
cross in safety.   Since there was nothing within the range of
his sight or hearing that indicated danger, the court could not
say that he acted recklessly in going on.   It was said by the
present Chief Justice in Ely v. Railway Co., 158 Pa. 233:

"  . . . . stopping is opposed to the idea of negligence, and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can properly be drawn from it, the court cannot draw that inference as a conclusion of law, but must send the case to the jury."

Nor is it clear that the plaintiff failed in his duty to continue to look as he advanced towards the tracks. He had but a few seconds in which to look, and he necessarily gave some attention to his horses. The rule stated in Carroll v. Penna. Railroad Co., 12 W. N. C. 348, and the line of cases which have followed it is in its nature applicable only to clear cases where the facts and circumstances make the conclusion of negligence irresistible : McNeal v. Railway Co., 131 Pa. 184; Muckinhaupt v. Railroad Co., 196 Pa. 213.

The judgment is reversed with a venire facias de novo.