## Walsh, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—" Stop, look and listen"—Grade crossing— Contributory negligence—Evidence.*

The duty of being observant and careful in crossing the track of a railroad does not cease with the mere act of stopping, looking and listening at some point at a safe distance from the track, but continues so long thereafter as danger is reasonably to be apprehended which by proper care can be avoided. One may not determine for himself that point of observation, and because there he neither sees nor hears warning, advance heedlessly upon the tracks of the railroad, without incurring responsibility for any disaster that may ensue.

The duty to be observant continues so long as danger threatens. If between the point where the party stops, and the tracks of the railroad, the situation affords opportunity to discover an approaching train, and injury results because of disregard of such opportunity, the original act of stopping cannot operate to relieve the injured party of contributory negligence.

In an action by a woman against a railroad company to recover damages for personal injuries sustained at a grade crossing at about 7:30 P. M. of a September evening, a verdict and judgment for defendant will be sustained, where the evidence shows that plaintiff was familiar with the crossing, that had she looked at a point thirty-five feet from the center of the track on which the collision occurred, she

could have seen the approaching engine at a distance of 740 feet from her; that instead of advancing slowly and carefully from that point, she started her horse at a trot, passing a point of wider view, committed herself to the tracks, and was struck by an engine with its headlight lighted.

Argued April 15, 1908. Appeal, No. 130, Jan. T., 1908, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1904, No. 714, on verdict for defendant in case of William P. Walsh, Executor of the Estate of Mary Hayden, deceased, v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ·WHEATON, J.
The facts are stated in the opinion of the Supreme Court.
The court gave binding instructions for defendant.
Verdict and judgment for defendant.. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*James L. Lenahan,* with him *Joseph A. Mulhern,* for appellant.—If the plaintiff made a stop and observation at a place recognized by travelers on that road as the proper one, and that she then proceeded with her team and was struck on the crossing without making another stop, the case is for the jury : Toban v. Coal Co., 24 Pa. Superior Ct. 475 ; Ayers v. Pitts., etc., Ry. Co., 201 Pa. 124.

Whether, if having stopped at. the usual place, she should have stopped again, or, without stopping, should have seen in time to avoid injury, is a question of fact for the jury and not of law for the court.: Coolbroth v. R. R. Co., 209 Pa. 433 ; Armstrong v. R. R. Co., 212 Pa. 228 ; Beach v. R. R. Co., 212 Pa. 567 ; Newman v. R. R. Co., 203 Pa. 530 ; McNeal v. Pitts., etc., Ry. Co., 131 Pa. 184 ; Davison v. Lake Shore, etc., Ry. Co., 171 Pa. 522 ; Messinger v. R. R. Co., 215 Pa. 497.

The rule that one who goes in front of a moving train which he must have seen if he looked should be held guilty of negligence, is in its nature a rule applicable only to clear cases, where the conclusion to be drawn from the facts and circum-

stances is irresistible : Muckinhaupt v. Erie Railroad Co., 196 Pa. 213 ; Cromley v. R. R. Co., 208 Pa. 445 ; McNeal v. Pitts. & W. Ry. Co., 131 Pa. 184.

*John McGahren*, with him *H. W. Palmer*, for appellee, cited : Gangawer v. R. R. Co., 168 Pa. 265 ; Myers v. R. R. Co., 150 Pa. 386 ; Blotz v. R. R. Co., 212 Pa. 154.

OPINION BY MR. JUSTICE STEWART, June 23, 1908 :

Mrs. Mary Hayden, the original plaintiff in the case—deceased since the result in the lower court was reached—a widow of about middle age, was injured by a passing train while attempting to cross the tracks of the defendant company in an open wagon—she herself driving—at a public crossing in the city of Wilkes-Barre. The accident occurred about 7:30 of a September evening. The plaintiff was engaged in farming ; and in marketing her products had long been accustomed to cross the tracks of the railroad at this point, both in daytime and at night. She admitted to being perfectly familiar with the conditions and surroundings there existing. She testified that on this particular occasion, before attempting to drive across the tracks, she stopped at a point twenty feet distant from the first track, which was a switch or siding, and forty-one feet from the center of the track beyond, on which the collision occurred, and that she there looked and listened for the approaching train. From the point where she stopped an unobstructed view of the tracks is afforded for a distance of 440 feet. The view enlarges with nearer approach to the tracks, until at a distance of ten feet from the track on which the plaintiff was injured it takes in nearly 1,000 feet. The plaintiff having testified that she stopped, looked and listened, but neither heard nor saw any indication of an approaching train, she was asked, " Then what did you do ? " Her answer was : " Well, I took the line, give the horse a little whip and she go and I come over all right in the first track." Her examination proceeded, " Q. That is the switch ? A. Railroad track anyway.   Q. First track you went over all right ? A. Railroad tracks and before I come to second I guess I pretty near over, I see lights on the engine coming, after that I know nothing more any more myself." Upon cross-exam-

ination her testimony with respect to this matter was as follows : " Q. When you were going across this track that the train was on just before you were struck, how was the horse going, walking or trotting? A. Trotting. Q. Was he trotting or walking when he crossed there? A. He go quick, you know. Q. Then he was trotting, that is, running? A. Not very fast. Q. But he was on a slow jog or trot—the horse was going along trotting? A. Yes, sir, fast, not slow. Q. When he was going across the switch—you know where the switch is? A. Yes, sir. Q. And then he trotted along, did he, after you struck him with the whip the horse jogged along? A. He go, you know, I go on. Q. Fast? A. So middle fast. Q. Then you didn't stop any more until the train struck him, did you? A. I come over all right in the first track. I pretty near over the second track, I looked up this way see the light of the engine, and as soon as I see the light from the engine I been gone. I know nothing more any more after."

The duty of being observant and careful in crossing the track of a railroad does not cease with the mere act of stopping, looking and listening at some point at a safe distance from the track, but continues so long thereafter as danger is reasonably to be apprehended which by proper care can be avoided. One may not determine for himself that point of observation, and because there he neither sees nor hears warning, advance heedlessly upon the tracks of the railroad, without incurring responsibility for any disaster that may ensue. The duty to be observant continues so long as danger threatens. If between the point where the party stops, and the tracks of a railroad, the situation affords opportunity to discover an approaching train, and injury results because of disregard of such opportunity, the original act of stopping cannot operate to relieve the injured party of contributory negligence : Muckinhaupt v. Erie Railroad Co., 196 Pa. 213. It is unquestioned that had this plaintiff looked at a point thirty-five feet from the center of the track on which the collision occurred, she could have seen the approaching engine at a distance of 740 feet from her. Instead of advancing slowly and carefully from the point where she says she stopped, she started at a trot, passing the point of wider view, and, as her counsel puts it,

committed herself to the act of crossing the tracks, continuing as she proceeded at the same rapid rate. Now, notwithstanding she says that she continued to look and listen as she advanced, and failed to see the train approach, and however earnestly and honestly she believed she had done so, her statement to this effect is simply incredible. Had she looked at any time after starting from her point of observation, she must have seen the train as it approached. She clearly and distinctly testified that she saw or heard nothing until the moment her wagon was struck—that she looked up, saw the headlight and instantly was struck. The evidence admits of no other conclusion than that expressed by the learned trial judge in giving binding instructions in favor of the defendant .—either seeing the train, the plaintiff thought she had opportunity to get across and ventured ; or, that with the train in full sight, with its headlight lighted, and with an arc light overhead at the crossing, and with every opportunity to see if she had looked, she did not look. In either case her contributory negligence would be so apparent that it became the duty of the court under the admitted facts to give binding instructions for the defendant. The case is governed by the principle announced in Carroll v. Penna. Railroad Co., 12 W. N. C. 348, and so often since repeated that it is unnecessary to cite the cases supporting.

Judgment affirmed.