## McGRATH v. PHILADELPHIA & R. RY. CO.

(Circuit Court, E. D. Pennsylvania. January 8, 1909.)

### No. 336.

RAILROADS (§ 350\*)—CAUSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.

Where a combination of circumstances surrounding a railroad crossing accident prevented plaintiff from seeing the approaching train in time to avoid a collision, she was not negligent as a matter of law.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 350.\*]

At Law. On motion to take off nonsuit. Sustained.

Oscar H. Price and John M. Vanderslice, for plaintiff.
Gavin W. Hart, for defendant.

HOLLAND, District Judge. The motion to take off the nonsuit in this case must be sustained. In the case of Welsh v. Penna. Railroad Company, decided by Justice Stewart, and reported in 222 Pa. 162, 70 Atl. 1088, the plaintiff drove in front of a moving train, which she could not have failed to see if she had looked. It was said in that case that:

"The evidence admitted of no other conclusion than that * * * either, seeing the train, the plaintiff thought she had an opportunity to get across, and ventured, or that, with the train in full sight, with its headlight lighted, and with an arc light overhead at the crossing, and with every opportunity to see if she had looked, she did not look."

In the case at bar I shall not elaborate the reasons for sustaining the plaintiff's motion, further than to say that the facts in the Welsh Case do not fit the facts of this case as established by the evidence of the plaintiff and her witnesses. As the evidence now stands, none of the means afforded in the Welsh Case for seeing the train existed in this case; but the reasonable inference to be drawn on this motion is that there was a combination of circumstances which prevented the plaintiff from seeing the train.

Motion to take off nonsuit sustained.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes