# Reigner, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Grade crossings—Vehicle driver—Death —Presumption—Stop, look and listen—Contributory negligence— Nonsuit.*

1. When one goes in front of a moving train of cars which he has had ample opportunity to see and avoid, he is guilty of contributory negligence as a matter of law.

2. The presumption that one who is run down and killed by a passing train on a railroad track did all that prudence for his safety would suggest before entering upon the track, and that he stopped, looked and listened, like every other presumption, gives way to admitted facts with which it is irreconcilable.

3. It is the duty of a person about to cross railroad tracks to be observant so long as danger threatens; if between where the party stops and the tracks of the railroad the situation affords opportunity to discover an approaching train and injury results because of disregard of such opportunity, the original act of stopping cannot operate to relieve the injured of the consequences of contributory negligence.

4. In an action against a railroad company to recover damages for the death of plaintiff's husband who was killed while driving a buggy over a grade crossing, deceased was guilty of contributory negligence and a compulsory nonsuit was properly entered where it appeared that he stopped, looked and listened at a point ninety feet distant from the nearest rail at a point where he had a view along the track upon which he was struck for 550 feet, whereas had he stopped at a point seventy-five feet beyond and twenty-five feet from the nearest track he would have had a clear view of the track for over 1,500 feet, and had he stopped before crossing the first track he could have seen the approaching train for a distance of three quarters of a mile.

Argued Feb. 6, 1917. Appeal, No. 335, Jan. T., 1917, by plaintiff, from order of C. P. Chester Co., April T., 1916, No. 25, refusing to take off nonsuit, in case of Emma K. Reigner v. The Pennsylvania Railroad Company. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.    Before HAUSE, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Truman D. Wade,* for appellant.—The defendant was clearly negligent: Hugo v. Balto. & Ohio R. R. Co., 238 Pa. 594; Schmidt v. Philadelphia & Reading Ry. Co., 244 Pa. 205; Buckman v. Philadelphia & Reading Ry. Co., 232 Pa. 351; Bush v. Philadelphia & Reading Ry. Co., 232 Pa. 327; Beach v. R. R. Co., 212 Pa. 567; Bard v. Philadelphia & Reading Ry. Co., 199 Pa. 94; Cromley v. Penna. R. R. Co., 208 Pa. 445; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Cohen v. Philadelphia & Reading R. R. Co., 211 Pa. 227; Schwarz v. Del., Lack. & Western R. R. Co., 211 Pa. 625; Fritz v. N. Y., Chicago & St. Louis R. R. Co., 236 Pa. 447; Barthelmas v. Lake Shore & Mich. Southern Ry. Co., 225 Pa. 597; Roberts v. Del. & Hudson Canal Co., 177 Pa. 183; Johnson v. Philadelphia & Reading Ry. Co., 232 Pa. 378; Siever v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 252 Pa. 1; Seifred v. Penna. R. R. Co., 206 Pa. 399; Kinter v. Penna. R. R. Co., 204 Pa. 497; Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 158 Pa. 233; Newhard v. Penna. R. R. Co., 153 Pa. 417; Mellinger v. Philadelphia & Reading R. R. Co., 18 Lanc. Law Rev. 369.

The presumption is that decedent stopped, looked and listened before crossing: Kreamer v. Perkiomen R. R. Co., 214 Pa. 219.

Whether decedent stopped at a proper place was a question of fact, which should have been submitted to the jury: Ellis v. Lake Shore & Mich. Southern Ry. Co., 138 Pa. 506; McNeal v. Pittsburgh & Western Ry. Co., 131 Pa. 184; Gangawer v. Philadelphia & Reading R. R. Co., 168 Pa. 265; Cromley v. Pa. R. R. Co., 208 Pa. 445.

*A. M. Holding,* for appellee.—The decedent was guilty of contributory negligence; he did not stop at a proper place to look and listen before attempting to cross: Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Corcoran v. Penna. R. R. Co., 203 Pa. 380; Walsh v. Penna. R. R. Co., 222 Pa. 162; Gangawer v. Philadelphia & Reading R. R. Co., 168 Pa. 265; Gleim v. Harris et al., Receivers, 181 Pa. 387; Harvey v. Erie R. R. Co., 210 Pa. 97; Nagle v. Penna. R. R. Co., 43 Pa. Superior Ct. 400; Dehoff v. Nor. Cent. Ry. Co., 229 Pa. 192; McKahan v. Balto. & Ohio R. R. Co., 223 Pa. 1; Darbrinsky v. Penna. Co., 247 Pa. 177; Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Bernstein v. Penna. R. R. Co., 252 Pa. 585.

OPINION BY MR. JUSTICE STEWART, May 22, 1917:

We have here again to repeat what we have so often had occasion to say, that when one goes in front of a moving train of cars, which he has had ample opportunity to see and avoid, he is guilty of contributory negligence as a matter of law.   True it is that when one upon a railroad track is run down and killed by a passing train, the law will presume that before entering upon the track he did all that prudence for his safety would suggest, and what the law requires in all such cases—that he stopped, looked and listened.   But this presumption, like every other, gives way before admitted facts with which it is irreconcilable.   The facts in the present case, as we derive them from the evidence adduced on the part of the plaintiff, are these: Plaintiff's husband was driving in an open buggy on the afternoon of December 29, 1915.   As he approached a grade crossing of the defendant's company's tracks, four in number, and which he had been accustomed to cross and recross daily for at least six weeks prior to the accident, he stopped at a point ninety feet distant from the nearest rail on the track he would encounter first in any attempt to cross over.   At this point, had he looked, he could have seen up the track on which the train that struck him was run-

ning, that is, the third track, 550 feet. At a point sev-
enty-five feet beyond and twenty-five feet from the near-
est track, he had a clear view of the track along which
the train was approaching for 1,550 feet. Just before
entering upon the first track, had he looked in the direc-
tion of the approaching train, he could have seen for a
distance of three-quarters of a mile. Despite these op-
portunities thus afforded him to avoid the danger inci-
dent to the crossing, when upon the third track, in an
attempt to cross over, he was struck by the engine of a
passing train and instantly killed. Witnesses were
called on behalf of the plaintiff who testified that as the
train approached the crossing no signal of its approach
was given, either by whistle, bell or otherwise, and for
failure in this regard the effort was to charge the defend-
ant with responsibility for the accident. Into the merits
of this contention we need not enter. The appeal is
from a judgment of nonsuit entered on the ground, as
stated by the learned trial judge in refusing to take it
off, that it is incomprehensible how the plaintiff's hus-
band could have lost his life had he made even a most
casual glance at any point after he started his horse
from the ninety foot stopping point. This view meets
with our entire concurrence. It only remains to add
that the fact of his having stopped at a point ninety feet
from the tracks before entering upon the crossing did
not relieve him from the duty of again stopping and look-
ing before he attempted to cross. We have repeatedly
held that the whole duty of one about to cross the tracks
of a steam road at grade is not in all cases confined to his
stopping and listening for the approach of a train. He
must stop at a proper place, and, when he proceeds, he
should continue to look and to observe the precautions
which the dangers of the situation require. He should
stop again if there is another place nearer the tracks
from which he can better discern whether there is dan-
ger: Muckinhaupt v. Erie R. R. Co., 196 Pa. 213. "The
duty to be observant continues so long as danger threat-

ens.   If between where the party stops and the tracks of a railroad the situation affords opportunity to discover an approaching train, and injury results because of disregard of such opportunity, the original act of stopping cannot operate to relieve the injured of contributory negligence": Walsh v. Penna. R. R. Co., 222 Pa. 162, 165. The nonsuit was properly ordered and the judgment is affirmed.