## Neuman *v.* Reading Company, Appellant.

*Negligence —Railroads —Automobiles —Collision at crossing — "Stop, look and listen" — Evidence — Contributory negligence — Presumption of due care — Sudden emergency — Case for jury — Speed—Negative testimony.*

1. Where witnesses for plaintiff, in a grade crossing accident case against a railroad company, were in a position to see and hear the approaching train, and were looking and listening for it, their testimony, as to the speed of the train, is not merely negative in character.

2. In an action for death at a grade crossing, the question whether the deceased stopped at a proper place, and whether he took proper precautions as he approached the tracks to avert danger, are questions for the jury to determine from the evidence and not questions of law for the court.

3. In such case it will be presumed that the deceased exercised due care as he proceeded, and the court cannot say as a matter of law that he was negligent, if after entering on the first track, where he would have a clear view of the railroad, he was confronted with a sudden emergency and did not use his best judgment in deciding whether to stop and back off the track or proceed to cross ahead of the approaching train.

Argued April 16, 1925. Appeal, No. 8, Jan. T., 1926, by defendant, from judgment of C. P. Lehigh Co., June T., 1922, No. 145, on verdict for plaintiff, in case of Augusta L. Neuman v. Reading Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before
RENO, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $11,301.22.
Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment
for defendant n. o. v., quoting record.

*L. H. Rupp,* of *Butz & Rupp,* for appellant.—Negative
testimony of those who did not hear a signal at a railroad
crossing, as against the positive affirmative testimony of
witnesses who did hear, and who were in a position to
know, is not enough to make out a charge of negligence
against the railroad company: Rapp v. R. R., 269 Pa.
266; Anspach v. Ry., 225 Pa. 528; Keiser v. R. R., 212
Pa. 409; Knox v. Ry., 202 Pa. 505; Lonzer v. R. R., 196
Pa. 610; Hare v. Ry., 65 Pa. Superior Ct. 39.

A person prior to crossing a railroad track must stop,
look and listen at the last point of safety prior to cross-
ing; if he fails to do it, he is chargeable, as a matter of
law, with contributory negligence and cannot recover:
Hare v. Ry., 65 Pa. Superior Ct. 39; Walsh v. R. R.,
222 Pa. 162; Muckinhaupt v. R. R., 196 Pa. 213; Pro-
vost v. R. R., 265 Pa. 589; Gasser v. Ry., 266 Pa. 493;
Luken v. R. R., 267 Pa. 315; Mensch v. R. R., 274 Pa.
356; Nolder v. R. R., 278 Pa. 495; Sakall v. R. R., 272
Pa. 89.

*Fred B. Gernerd,* with him *Orrin E. Boyle,* for appel-
lee.—The disputed facts and the credibility of the wit-
nesses were for the jury: Reel v. Elder, 62 Pa. 308; Mc-
Glinn Distilling Co. v. Dervin, 260 Pa. 414.

The case on contributory negligence was for the jury:
Witmer v. R. R., 241 Pa. 112; Thomas v. R. R., 275 Pa.
579; Nutt v. R. R., 281 Pa. 372; Thomas v. R. R., 275
Pa. 579; Jester v. R. R., 267 Pa. 10; Wingert v. Ry.,
262 Pa. 21.

OPINION BY MR. JUSTICE FRAZER, May 11, 1925:

Plaintiff sued to recover damages for the death of her husband, killed in a grade-crossing accident. The case was submitted to the jury who found in favor of plaintiff and defendant appealed, assigning for error the refusal of the court below to give binding instructions in its favor. The only questions raised here are whether there was sufficient evidence of defendant's negligence and plaintiff's freedom from contributory negligence to sustain the verdict.

Defendant operates a double track railroad running between Allentown and Harrisburg. At a point between Macungie and Alburtis the tracks are crossed at grade by a public highway on which decedent was driving an automobile coupe in a northerly direction. At a point about fifteen feet south of the first track, a bridge crosses a small stream, at which point, according to a witness for plaintiff, deceased stopped his car, walked forward to the railroad track and apparently looked for an approaching train, returned to his car and drove upon the tracks. He passed over the first track and was struck on the second and killed by a train traveling westward.

With respect to defendant's negligence there is evidence that the train was running at from 60 to 68 miles an hour and that no whistle was blown or bell rung as it approached the crossing. While this testimony is contradicted by the train crew, the engineer claiming he was running 53 miles an hour and the usual warning by bell and whistle was given as he approached the crossing, the contradiction required the testimony to be submitted to the jury. The witnesses for plaintiff were in a position to see and hear the approaching train, were looking and listening for it, consequently their testimony cannot be classed as merely negative in character.

So far as decedent's contributory negligence is concerned, a witness, who saw him approach, testified he stopped on the little bridge and walked forward to the tracks, looked around, returned to his automobile and

started across the railroad. The tracks at this point run in a straight line for a distance of over 4,000 feet in the direction from which the train approached. From the place where deceased stopped, however, his view was obstructed by a row of apple and willow trees which made impossible the obtaining of a clear view of the tracks until he had actually entered upon the crossing. A witness testified no train was in sight when deceased went forward to look, and that it came in sight after he started back for his car. It might therefore have passed over the 4,000 feet to the crossing before deceased had time to return to his car, start it, and drive across the tracks.

It is true deceased could not perform his full duty by merely stopping to look and listen or even by going forward to a point where a better view of the track was obtainable. It was his duty to continue to look and listen as he approached the crossing and if, between the point at which he stopped and the tracks of the railroad, there was an opportunity afforded him of observing the train, he might still be charged with contributory negligence in failing to see the train and take proper precautions to avoid it. The trial judge gave full instructions on this point. On the other hand, whether he stopped at a proper place and whether he took proper precautions as he approached to avoid danger were questions for the jury to determine and not questions of law for the court: Muckinhaupt v. Railroad, 196 Pa. 213, 216, and cases cited; Jester v. P. B. and W. R. R., 267 Pa. 10; Nutt v. Railroad, 281 Pa. 372. It must be presumed he exercised due care as he proceeded, and we cannot say he was negligent as a matter of law if after entering on the first track, where he would have a clear view of the railroad, he was confronted with a sudden emergency and did not use his best judgment in deciding whether to stop his machine and back off the track, or proceed to cross ahead of the approaching train: Thomas v. Railroad, 275 Pa. 579.

The judgment is affirmed.