## Calhoun *v.* Pennsylvania Railroad Company, Appellant.

223   298
40SC¹228

*Negligence—Railroads—Grade crossings—"Stop, look and listen"— Proper place to stop—Case for jury.*

1. If a driver of a wagon on approaching a railroad grade crossing cannot see from the vehicle in which he is riding, he should get out and go forward to a place where he can see; but where a driver has stopped

at the usual place for stopping from which he has a view of the tracks, whether he should go forward in advance of his team to a better place to look, is a question to be determined by the jury from the circumstances of the particular case.

2. In an action against a railroad company to recover damages for personal injuries, it appeared that the plaintiff was injured at a grade crossing where there were five tracks, on four of which rapidly moving trains ran frequently. He was riding on a long lumber wagon and was seated twenty feet back of his horses' heads near the hind axle, a position from which he could reach the brake. He stopped when his horses were twenty feet from the tracks and he was about forty feet from them, and waited until a train had passed west 300 feet. This was the usual place where drivers stopped, but from it he could see only about 300 feet either way. Within twenty feet of the tracks there was an unobstructed view for 1,400 feet. After the train had passed, the plaintiff looked and listened as he drove on the crossing. When his horses were on the second track and the front of his wagon on the first he saw a train coming east around a curve 1,500 feet away. He hastened to get across, but one of the hind wheels of his wagon was struck when on the last rail of the fourth track by a train which, according to the testimony of his witness, was running fifty-five miles an hour, of the approach of which no warning had been given. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 30, 1908. Appeal, No. 129, Oct. T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 527, on verdict for plaintiff in case of Johnston R. Calhoun v. The Pennsylvania Railroad Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

James S. Crawford, with him Patterson, Sterrett & Acheson, for appellant.

*Rody P. Marshall,* with him *Thomas M. Marshall* for appellee.

PER CURIAM, January 4, 1909:

The plaintiff was injured at a grade crossing of the defendant's road in East Braddock, where there were five tracks, on four of which rapidly moving trains ran frequently. He was riding on a long lumber wagon and was seated twenty feet back of his horses' heads near the hind axle, a position from which he could reach the brake. He stopped when his horses were twenty feet from the tracks and he was about forty feet from them, and waited until a train had passed west 300 feet. This was the usual place where drivers stopped, but from it he could see only about 300 feet either way. Within twenty feet of the tracks there was an unobstructed view for 1,400 feet. After the train had passed, the plaintiff looked and listened and he continued to look and listen as he drove on the crossing. When his horses were on the second track and the front of his wagon on the first, he saw a train coming east around a curve 1,500 feet away. He hastened to get across, but one of the hind wheels of his wagon was struck when on the last rail of the fourth track by a train which, according to the testimony of his witness, was running fifty-five miles an hour, of the approach of which no warning had been given.

It is argued that the plaintiff was negligent in not getting off his wagon and going forward to a place where he could obtain an unobstructed view, and in knowingly attempting to cross in front of a rapidly moving train. There has been no departure from the rule that, if a driver cannot see by looking from the vehicle in which he is riding, he should get out and go forward to a place where he can see; and there should be no departure from it: Kinter v. Railroad Co., 204 Pa. 497; Mankewicz v. Railroad Co., 214 Pa. 386. But where a driver has stopped at the usual place for stopping, from which he has a view of the tracks, whether he should go forward in advance of his team to a better place to look, is a question to be determined by the circumstances of the particular case. It was said by the present chief justice in Ely v. Railroad Co., 158 Pa. 233:

"Stopping is opposed to the idea of negligence, and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can be drawn from it, the court cannot draw the inference as a conclusion of law, but must send the case to the jury."

As the plaintiff advanced from the usual stopping place, he had a view for 1,400 feet before his horses reached the first track, and no train was in sight. He saw all that he could have seen if he had gone forward before starting to cross. Neither the court nor the jury could properly adjudge him negligent in attempting to cross.

When he first saw the train, his horses were near the middle of the crossing and he had reason to believe that it was safer to go on than to stop on the first or second tracks where trains passed every few minutes, or to attempt to back off. He was, moreover, confronted by a sudden peril and could not be held to the exercise of the highest degree of prudence.

The judgment is affirmed.