## Shaffer *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Automobiles — Contributory negligence —Grade crossing—"Stop, look and listen"—Point of stopping— Failure of driver to lean forward—Case for jury.*

1. Where the circumstances of an accident afford plausible grounds for a variety of inferences, the question whether the plaintiff exercised reasonable care is for the jury.

2. When a driver has stopped at the usual stopping place previous to crossing a railroad track, whether he should go forward in advance of his vehicle to a better place to look is a question to be determined by the facts of the particular case. Stopping is opposed to negligence and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can be drawn from it the court cannot draw the inference as a matter of law but must send the case to the jury.

3. In an action against a railroad company to recover for death of plaintiff's husband, who was killed by one of defendant's trains while driving an automobile over a grade-crossing, the case is for the jury and a verdict for the plaintiff will be sustained where it was not questioned that deceased stopped his automobile at a proper place before attempting to cross, and looked and saw no train, but where it was contended that had he leaned forward in his seat he would have obtained a view of the approaching train, but it did not appear that deceased knew he could have had a better view by so leaning forward, and defendant's contention was based upon close arithmetical calculation as to the precise position in which the car stood, and upon accurate measurements made after the accident.

Argued April 9, 1917. Appeal, No. 125, Jan. T., 1916, by defendant, from judgment of C. P. Columbia Co., Sept. T., 1914, No. 139, on verdict for plaintiff, in case of Lydia J. Shaffer v. Pennsylvania Railroad Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $8,500 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, and in refusing to enter judgment for defendant n. o. v.

*H. M. Hinckley,* with him *C. B. Waller* and *L. E. Waller,* for appellant.—The deceased was sufficiently familiar with the crossing to be aware of the danger: Nelson

v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 57 Pa. Superior Ct. 541; Follmer v. Penna. R. R. Co., 246 Pa. 367; McClure v. Lake Shore & Mich. Southern Ry. Co., 41 Pa. Superior Ct. 227; Bistider v. Lehigh Valley R. R. Co., 224 Pa. 615.

The deceased did not look at a proper place; had he leaned forward in his seat he would have seen the approach of the train: Bernstein v. Penna. R. R. Co., 252 Pa. 581; Craig v. Penna. R. R. Co., 243 Pa. 455; Follmer v. Penna. R. R. Co., 246 Pa. 367; Nelson v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., 57 Pa. Superior Ct. 541; Gangawer v. Philadelphia & Reading R. R. Co., 168 Pa. 265; Blotz v. Lehigh Valley R. R. Co., 212 Pa. 154.

*Fred Ikeler,* with him *E. C. Ammerman* and *C. A. Small,* for appellee.—Whether the deceased stopped at a proper place was for the jury: Newman v. Del., Lack. & Western R. R. Co., 203 Pa. 530; Newhard v. Penna. R. R. Co., 153 Pa. 417; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Earl v. Philadelphia & Reading Ry. Co., 248 Pa. 193.

OPINION BY MR. JUSTICE POTTER, May 22, 1917:

One question only is raised by this appeal: Was the evidence of contributory negligence upon the part of the decedent so clear that the court should have directed a verdict in favor of the defendant? It appears from the testimony that Isaac Shaffer, the plaintiff's husband, drove an automobile truck up to a public crossing of the defendant's railway and stopped with the front of the truck about six feet distant from the rail. His seat was some seven feet from the front of the truck, so that the point at which he was sitting was about thirteen feet from the rail, or a little over fifteen feet from the middle of the track. These distances were not accurate measurements, but were careful estimates. Mr. Shaffer's brother, who stood on the running-board of the ma-

chine beside him, testified that at that point he had a
view up the track of about three hundred feet, and that
he looked, but saw no train in sight. The automobile was
then started ahead, but, before it cleared the track, it was
struck by a locomotive running at high speed, and Isaac
Shaffer was killed. The testimony showed that, in ap-
proaching the crossing from the south, as did Mr. Shaffer,
the view up the track was obstructed by the station build-
ing, so that, at a point fifteen feet from the center of the
track, there was a view of the track, in the direction from
which the engine came, for a distance of about three hun-
dred and six feet; while, from any point in the highway
less than fifteen feet from the center of the track, a view
of over sixteen hundred feet could be had. When the au-
tomobile came to a stop, its front end was advanced six
or seven feet within the fifteen-foot space, and presuma-
bly was as near to the rail as the driver of the car thought
it prudent to go. Counsel for appellant do not contend
that the automobile should have been driven any nearer
to the track, but they earnestly argue that Mr. Shaffer
had reached a point where by leaning forward in his seat,
he could have very much extended his view of the track,
and could have seen the oncoming engine. This con-
tention is based upon close arithmetical calculation
as to the precise position in which the car stood, and
upon accurate measurements made after the accident.
But the points were not marked upon the ground at the
time, and it does not appear that Mr. Shaffer knew the
exact position of his car with respect to the enlarging of
his view up the track, and we do not feel that the trial
judge could have held, as a matter of law, that Mr. Shaf-
fer knew the precise distance at which the front of his
car stood from the track, or that by leaning forward at
that instant he could have had the longer view. The evi-
dence shows that he came as near to the track, before
stopping his car, as was reasonably safe. This is not
questioned by counsel for appellant. According to the
testimony of the brother, no engine was in sight from

that point, and Mr. Shaffer started his automobile, which had less than six feet to move forward, before coming within the line of danger in case of an approaching train. As the automobile advanced, almost immediately the locomotive was discovered, bearing down upon it, and a witness testified that Shaffer then threw his brakes on and tried to stop. Whether he did this, intending to back off, or whether he stalled his engine by applying his brakes too suddenly to a slowly moving car, the result was that the automobile remained on the track, and was struck with terrific force by the locomotive. We feel that the circumstances attending this accident, and the conduct of Mr. Shaffer with reference to them, afforded plausible ground for a variety of inferences, so that the verdict of a jury was the only proper means of determining whether Mr. Shaffer exercised the degree of care which a reasonable and prudent man would have exercised under the circumstances. The conclusions to be drawn from the evidence are not free from doubt, and in such case the court should not decide the question as one of law. It may be that, when the driver stopped his automobile at a point where he had a view of but little more than three hundred feet up the track, he should have leaned forward, or gone forward, to get a more extended view, but we do not feel that, under the circumstances, the court would have been justified in pronouncing upon his conduct in that respect as matter of law. "When a driver has stopped at the usual stopping place, whether he should go forward in advance of his team to a better place to look, is a question to be determined by the circumstances of the particular case." Calhoun v. Penna. R. R. Co., 223 Pa. 298, 300. In the same opinion there appears a citation from Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis R. R. Co., 158 Pa. 233, as follows: "Stopping is opposed to the idea of negligence, and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can be drawn from it, the court cannot draw the inference as a conclusion of law,

but it must send the case to the jury." This principle is applicable to the present case, and justifies the action of the court below in submitting to the jury the question of contributory negligence upon the part of the decedent.

The assignments of error are overruled, and the judgment is affirmed.