# Knepp *v.* Baltimore & Ohio Railroad Company, Lessee, Etc., Appellant.

*Negligence—Railroad companies — Crossings — "Stop, look and listen"—Evidence — Contributory negligence — Sudden danger — Charge—Points—Case for jury.*

1. The court cannot say, as a matter of law, that a party about to cross a railroad track has not stopped, looked and listened at the proper place, if he has stopped, looked and listened at the place where those about to cross usually do so.

2. One who is put in jeopardy through the negligence of the defendant and through no fault of his own, will not be held guilty of contributory negligence, as a matter of law, because he did or did not do that which, under ordinary circumstances, he would have been required to do in order to avoid the injury.

3. The court cannot take a case from the jury where there is evidence that the person injured did stop, look and listen, although the great weight of the evidence is to the contrary.

4. A point for charge which asks the court to say that if the jury believe the facts contained in it their verdict should be for the party presenting the point, should be affirmed if all those facts have evidence to sustain them and no other facts in the case would compel a different conclusion even though the facts in the point were believed.

5. A qualification of a point is erroneous if the effect thereof is to confuse or mislead the jury.

Argued Oct. 3, 1918.   Appeal, No. 116, Oct. T., 1918, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1917, No. 82, on verdict for plaintiff, in case of Cora D. Knepp v. Baltimore & Ohio Railroad Company, lessee and Operator of the Pittsburgh & Connellsville Railroad.

Before Brown, C. J., Stewart, Walling, Simpson and Fox, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Ruppel, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,160 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, and in refusing to enter judgment for defendant n. o. v., and instructions to the jury.

*J. G. Ogle,* for appellant.—Plaintiff failed to stop, look and listen immediately before crossing the track and is therefore precluded from recovery: Blotz v. Lehigh V. R. R. Co., 212 Pa. 154; Walsh v. P. R. R. Co., 222 Pa. 162; Earl v. Philadelphia & R. Ry. Co., 248 Pa. 193; Bernstein v. Pennsylvania R. R., 252 Pa. 581; Darbrinsky v. Pennsylvania Co., 247 Pa. 177; Brommer v. Pennsylvania R. Co., 179 Fed. R. 577; Hartman v. Harris, 182 Pa. 172; Hanigan v. Philadelphia & R. Ry. Co., 257 Pa. 236; Paul v. Philadelphia & R. Ry. Co., 231 Pa. 338; Cathcart v. Oregon-Washington R. & N. Co., 168 Pac. 308; Reigner v. Pennsylvania R. R. Co., 258 Pa. 257.

*Norman T. Boose,* for appellee.—The question of plaintiff's contributory negligence was for the jury: Whitman v. Pennsylvania R. R. Co., 156 Pa. 175; Ely v. Pittsburgh, C., C. & St. L. R. R. Co., 158 Pa. 233; Schwarz v. Delaware, L. & W. R. R. Co., 211 Pa. 625; Crane v. P. R. R. Co., 218 Pa. 560; Bush v. Philadelphia & Reading Ry. Co., 232 Pa. 327; Hugo v. Baltimore & O. R. R. Co., 238 Pa. 594; Witmer v. Bessemer & L. E. R. R. Co., 241 Pa. 112; Reitler v. Pennsylvania R. R. Co., 238 Pa. 1; Hamilton v. Philadelphia, B. & W. R. R. Co., 252 Pa. 615; Rottmund v. Pennsylvania R. R. Co., 225 Pa. 410; Winterbottom v. Philadelphia, B. & W. R. R. Co., 217 Pa. 574;

Longnecker v. Pa. R. R. Co., 105 Pa. 328; Quigley v. Delaware H. C. Co., 142 Pa. 388; Daubert v. Delaware, L. & W. R. Co., 199 Pa. 345; Cromley v. Pennsylvania R. R. Co., 211 Pa. 429; Meitzner v. Baltimore & O. R. R. Co., 224 Pa. 352; Firestine v. Philadelphia & R. Ry. Co., 56 Pa. Superior Ct. 42; Miller v. Lehigh Valley R. R. Co., 58 Pa. Superior Ct. 558; Crowley v. Penna. R. R. Co., 231 Pa. 286; Carlin v. William Butler Co., 220 Pa. 194; Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573; Buck v. McKeesport, 227 Pa. 10; Adams v. Lehigh Val. Transit Co., 45 Pa. Superior Ct. 623.

OPINION BY MR. JUSTICE SIMPSON, October 23, 1918:

The main question raised on this appeal is, whether or not binding instructions should have been given for the defendant. Upon that point the case is a close one; but giving to plaintiff the benefit of all the facts which the jury might have found in her favor, and excluding from consideration all those which the jury might have rejected, as we must do in determining this question, we cannot say that the trial judge committed error in submitting the case to the jury. Viewed from that standpoint the controlling facts are as follows:

Plaintiff and her father were traveling in an automobile in the Borough of Meyersdale, intending to cross defendant's railroad tracks at North street and Seventh street, which cross one another at right angles, and at the same point cross those tracks at grade. Admittedly the crossing is a dangerous one, yet no watchman was stationed at that point, and no device installed to give notice of approaching trains. In the direction towards Baltimore the tracks curve considerably, so that at the crossing referred to, it is only possible, when on the crossing itself, to see trains approaching from that direction for a distance of less than five hundred feet. On the day of the accident there was a box car or cars on a side track which partially obstructed the view; and an engine standing near the crossing, emitting steam with a hissing

sound, and thereby partially deadening the sound of approaching trains. As plaintiff approached the crossing, she stopped, looked and listened at the usual place for that purpose, seeing and hearing nothing, started to cross the tracks, and was struck by a train coming from the direction of Baltimore. It was traveling at the rate of thirty miles an hour, and its engineer had given no signal of its approach. When about twenty-five or thirty feet from the automobile, he saw that a collision was probable, and gave the usual short, sharp danger whistles. They were sounded too late to be of any use, and the only effect was to confuse plaintiff, who, in consequence of, either stopped the automobile, or it became stalled, the accident happened, and she received the injuries of which she complains.

Defendant submitted a point for binding instructions which was refused, and the jury were told that if the stoppage of the automobile on the tracks was due to some accident to the automobile itself, to some defect in its machinery, or to plaintiff's inability to control it; or if she failed to stop, look and listen at a place where looking and listening would avail, or if there was no such place and she did not get out of the automobile and go forward on the tracks to look and listen, she could not recover. But if she did her duty and the stoppage was due solely to the confusion caused by the sudden whistling, just as the train was upon her, and the defendant was itself negligent, she could recover.

The verdict was for the plaintiff. Defendant thereupon moved for a new trial and judgment non obstante veredicto; these motions being dismissed, and judgment entered on the verdict, it now appeals.

We see no error in the submission of the case to the jury, nor in the manner of its submission, of which the defendant can justly complain. We have held that if one approaching a railroad crossing, stops, looks and listens at the place where people usually do so, the court cannot say, as a matter of law, that it was not a proper place

for the purpose (Whitman v. Penna. R. R., 156 Pa. 175; Calhoun v. Penna. R. R. Co., 223 Pa. 298; Shaffer v. Penna. R. R. Co., 258 Pa. 288) ; and we have many times decided that if a plaintiff, through no fault of his own, finds himself in a position of danger due to the negligence of the defendant, he will not be conclusively charged with contributory negligence, because he did or did not do that which, under ordinary circumstances, would have enabled him to avoid the injury: Aiken v. Penna. R. Co., 130 Pa. 380; Sprowls v. Morris Township, 179 Pa. 219.

It is said by defendant, however, that the evidence of defendant is both positive and overwhelming that plaintiff did not stop, look and listen, whereas plaintiff's evidence is both negative and weak. It must be admitted that the weight of the evidence is with the defendant, but that was a matter for the jury, or for the court below on the motion for a new trial, and not for this court on appeal. We cannot say that plaintiff's evidence must be treated as purely negative. She testified, and the jury found, that she stopped, looked and listened, and did not see or hear the approaching train. Her attention was directed to the matter, and hence her testimony is not merely negative in character; and, however strong the contrary evidence was, the matter was necessarily one for the jury to decide: Winterbottom v. Philadelphia, B. & W. R. R. Co., 217 Pa. 574; Buckman v. Philadelphia & R. Railway Co., 232 Pa. 351.

What has been above said disposes of all the assignments of error except the fourth and fifth, in each of which we think there is error, prejudicial to defendant. Defendant's fifth point for charge, and the answer thereto, embodied in the fourth assignment, are as follows:

"5. If the jury believe from the testimony that the plaintiff neglected to stop, look and listen from a point at which she could see the railroad tracks and approach of engine east from the railroad crossing, and having proceeded in her automobile in face of manifest danger until the front wheels of her automobile crossed the

north rail of the westbound track where it was stopped still, and in which position it remained until struck by defendant's engine, she was guilty of negligence and cannot recover.

"Answer: That point is refused, unless you find that her going on the track would have been of benefit or advantage under the circumstances."

That point should have been affirmed and not refused. Appellee admits that the decisions which so hold "are unquestioned law, upon the facts as presented in each particular case; but have no application to the facts in the present case"; and then proceeds to argue their supposed inapplicability because of the testimony of plaintiff and her witnesses. But there is considerable evidence from defendant's witnesses which, if believed, would have sustained every fact embodied in that point, and the defendant was entitled to have the jury so instructed. To say that plaintiff was under no duty to stop, look and listen at a point where she could see, and that she could proceed in the face of manifest danger, unless the jury should "find that her going on the track would have been of benefit or advantage under the circumstances" is so clearly erroneous as to need neither argument, nor citation of authority. The error can only be explained by the possibility that the trial judge had some other matter in his mind than the point he was answering; but that does not make his answer any the less erroneous.

Defendant's sixth point for charge, and the answer thereto, embodied in the fifth assignment of error, are as follows:

"6. The duty of an automobile driver approaching a grade railroad crossing where there is restricted vision, to stop, look and listen, and do so at a time and place where stopping and where looking and where listening will be effective is a positive duty, and failure to do so is negligence per se. And if unable to get a sufficient view from his automobile, then to get out of it and go

forward on foot, to a place where such sufficient view is afforded.

"Answer: That point is affirmed, and you will understand, gentlemen, what we mean by these propositions, that if a party would have gone down on the track at the crossing and could, for instance, have had a view of several thousand feet, then he would have known whether the train was coming or not; but if he had gone on the track and would not have had a further view, or benefit, than stopping beside the track, then it would have been a useless performance. It is for you to say whether the duty was performed in this case."

That point also should have been unqualifiedly affirmed. If it be said that the court below was simply illustrating its meaning, it took a most unfortunate way to do it. The evidence showed that on account of the curve of the tracks an approaching train could not be seen as far as Main street, which was only about five hundred feet away. In the answer to this point the trial judge says that if by going on the track plaintiff "could, for instance, have had a view of several thousand feet, then she would have been obliged to go there, but if she "would not have had a further view or benefit than stopping beside the track" then she was under no such duty. That is to say, the jury might well have understood the court to mean that if plaintiff could not effectively see without going upon the track, then she must go there if by so doing she would be able to see four times as far as in fact it was possible for her to see; otherwise she need not go there. Of course an answer which may result in such confusion must necessarily be erroneous.

The fourth and fifth assignments of error are sustained, the judgment is reversed and a venire facias de-novo awarded.