# Rice et ux., Appellants, *v.* Erie Railroad Co.

*Negligence—Joint action—Parties—Objection to joinder—Statutory demurrer—Practice, C. P.—Appeals.*

1. Where there has been an alleged improper joinder of action, objection must be made in the court below by statutory demurrer. If this is not done, objection to the defect cannot be considered on appeal.

2. It seems that where two children are killed in a common accident, their parents may bring a joint action for their deaths.

*Negligence—Railroads — Automobile — Grade crossing —"Stop, look and listen"—Presumption—Death—Case for jury.*

3. Though it is incumbent upon the driver to stop at a proper place, and, even when he has done so, to continue to be careful as he proceeds, yet where he has made due observation at the usual point, from which a view of the tracks may be had, it is usually for the jury to say whether he was under the duty to again halt before entering upon the crossing.

4. Where an experienced driver of an automobile stops, looks and listens at a point twenty feet from railroad tracks, which is the usual point for vehicles to stop, and from which he has a view of the tracks for 500 feet and proceeds, and is killed by a passing train, he cannot be charged with contributory negligence as a matter of law.

5. In such case, on a motion for judgment for defendant n. o. v., the court cannot assume from conflicting testimony that there was an obstruction which interfered with the deceased's vision, when he looked.

6. Nor is it necessary in such case to rest the decision on the presumption that the driver who was killed stopped at the right place, and continued to perform his duty as to observance of approaching trains.

*Negligence—Joinder of action—Killing of two children—Appeals —Setting aside verdict—New trial—Nominal damages at least.*

7. Where a joint action is brought by parents for the killing of a son and daughter, and a verdict for plaintiffs is limited to the loss of the son, and not for the loss of the girl, because of no proof of pecuniary injury as to her, and subsequently judgment is entered for defendant n. o. v. on the ground of the contributory negligence of the son, the Supreme Court in reversing, will not reverse the judgment on the verdict for the son and direct judg-

ment for plaintiff for the amount of ·the verdict, and reverse with a new venire as to the claim for the death of the girl,· but will set aside the judgments generally and award a new trial.

8. In such case plaintiffs are entitled to nominal damages at least for the death of their children.

Argued April 26, 1921.   Appeal, No. 114, Jan. T., 1921, by plaintiffs, from judgment of C. P. Erie Co., Feb. T., 1918, No. 297, on verdict for defendant as to claim for death of Blanche Rice and from judgment n. o. v. for defendant as to death of Lawrence Rice, in suit of —— Rice et ux. v. Erie Railroad Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for death of plaintiffs' two children.   Before WHITTELSEY, J.

The opinion of the Supreme Court states the facts.

At the trial the court ruled that there was not sufficient evidence to enable the jury to assess damages for the death of Blanche Rice and directed a verdict for defendant as to this claim.

The jury returned a verdict for $4,634.90, for the death of Lawrence Rice.  Subsequently the court, McCORMICK, P. J., specially presiding, entered judgment for defendant n. o. v.

*Errors assigned* were (1) instructions as to the claim for death of Blanche Rice, quoting them, and (2) entry of judgment n. o. v., quoting it.

*John B. Brooks,* with him *F. M. McClintock, Charles H. English* and *Francis B. Quinn,* for appellant.—The claim as to Blanche was for the jury: Gress v. R. R., 228 Pa. 482; Darbrinsky v. Penna. Co., 248 Pa. 504.

Whether the driver of the automobile was guilty of contributory negligence, which would bar plaintiffs' right to recover, was for the jury: Jester v. R. R., 267

Pa. 10; Calhoun v. R. R., 223 Pa. 298; Shaffer v. R. R., 258 Pa. 288; Burkett v. R. R., 74 Pa. Superior Ct. 404.

*Albert L. Thomas,* for appellee, cited: As to claim for death of daughter: Kost v. Ashland Borough, 236 Pa. 164; Cosgrove v. Hay, 54 Pa. Superior Ct. 175; Hoon v. Traction Co., 204 Pa. 369; McCleary v. Railways Co., 47 Pa. Superior Ct. 366.

On question of contributory negligence of driver: Westerberg v. R. R., 142 Pa. 471; Muckinhaupt v. R. R., 196 Pa. 213; Corcoran v. R. R., 203 Pa. 380; Lapinco v. R. R., 257 Pa. 344; Hamilton v. R. R., 227 Pa. 137; Connerton v. Canal Co., 169 Pa. 339; Provost v. Director General of Railroads, 265 Pa. 589; Smith v. Director General of Railroads, 266 Pa. 328.

OPINION BY MR. JUSTICE SADLER, July 1, 1921:

On September 24, 1917, plaintiffs, with their two children, Blanche, aged eleven years, and Lawrence, aged twenty-three, passed, at grade, over a public crossing of defendant's railroad in an automobile. Upon the return trip, when the accident happened, the only occupants were the sister and the brother, who was driving. The car was stopped at the usual and customary point of observation, from which a view of the railroad could be had for more than 500 feet in the one direction, and a considerable distance in the other. No train was seen to the east, but, from the west, a freight was slowly moving. Apparently, there was ample time to cross in front of it. The car was then started, and passed in safety to the second track. It had nearly cleared this, when a train, coming from the east, struck the rear, causing the death of the driver and his sister. This suit was brought to recover damages for the loss of both,—a proper joinder of action: Penna. R. R. Co. v. Bock, 93 Pa. 427; Gress v. P. & R. Ry. Co., 228 Pa. 482. Even had it not been, the defect was such as must have been raised preliminarily by statutory demurrer in the court below. As,

it was not, it will not be considered on appeal: Whitney v. Haskell, 216 Pa. 622; Allwein v. Brown, 29 Pa. Superior Ct. 331.

Evidence was offered to show the negligence of defendant, and the resulting loss to plaintiffs. The jury was permitted to assess damages for the loss of the boy, but not for the death of the girl in the absence of some affirmative proof of the amount of the pecuniary injury.

Subsequently, this ruling was disapproved,—though under the circumstances held to be immaterial,—in passing upon the motion for judgment non obstante veredicto, and it was properly held that a recovery may be had in such case, for at least nominal damages: Hammaker v. Watts Township, 71 Pa. Superior Ct. 554. The learned court below was, however, of the opinion that the instruction complained of became unimportant in view of its finding that the brother was guilty of contributory negligence, which, under the facts disclosed, was declared as a matter of law. This being so, it is argued his fault is to be imputed to the plaintiffs, who had committed the daughter to his care, and who, at the time of the accident, was in his charge. It is not necessary to consider the applicability of this latter position to the present case, since we are of opinion the facts do not show such conduct on the part of Lawrence as to justify a declaration of contributory negligence as a matter of law.

The driver of the automobile was experienced. He approached the track, stopped at a point three feet from a switch and twenty feet from the first rail of the main track, looked and listened. This was the usual place of observation for drivers of vehicles. From this point, he could see in the direction from which the train came for more than 500 feet. It is true that some evidence was offered of the presence of a car upon the siding, which would interfere with his vision, but as to this there was a conflict of testimony, and the presence of any such obstruction cannot be assumed, under such circumstances,

in disposing of a motion for judgment non obstante vere-
dicto: Jester v. Railroad Co., 267 Pa. 10.

The presumption is that the driver of the car, who was
killed, stopped at the right place, and continued to per-
form his duty as to observance of approaching trains
(Penna. R. R. Co. v. Weber, 76 Pa. 157; Penna. R. R. Co.
v. Weiss, 87 Pa. 447; Hugo v. Railroad Co., 238 Pa.
596), but it is not necessary to rest on such a presump-
tion here, for, admittedly, the driver did stop at the side
track, about twenty feet from the main railroad. "Stop-
ping is opposed to the idea of negligence, and unless,
notwithstanding the stopping, the whole evidence shows
negligence so clearly that no other inference can be
drawn from it, the court cannot draw that inference as a
conclusion of law, but must send the case to the jury":
Ely v. Railroad Co., 158 Pa. 233.

The learned court below was of the opinion that de-
ceased did not perform his duty fully, in that he failed
to stop a second time before entering upon the track, at
a place where a wider view could have been obtained,
and from which point the approaching train must neces-
sarily have been observed; and, therefore, felt impelled
to declare such contributory negligence of the deceased
as would prevent a recovery. This view would appear to
rest in part on the supposed obstruction of sight by the
car standing upon the siding; but, its presence or lo-
cation was a matter of dispute, which could not be de-
termined as a matter of law. Though it is incumbent
upon the driver to stop at a proper place, and, even
when he has done so, to continue to be vigilant as he
proceeds, yet, where he has made due observation at the
usual point, from which a view of the tracks may be had,
it is usually for the jury to say whether he was under the
duty to again halt before entering upon the crossing:
Shaffer v. Railroad Co., 258 Pa. 288; Calhoun v. Rail-
road Co., 223 Pa. 298; Benner v. Railroad Co., 262 Pa.
307. We see no facts in the present case to justify
the declaration as a matter of law that deceased failed to

exercise reasonable care in proceeding. The conclusions to be drawn from the evidence are not free from doubt, and in such case the question must be determined by the jury. For the reasons stated, the judgment entered must be set aside.

As already noted, this was a joint action for the injuries sustained from the death of both children. The verdict of the jury, subsequently set aside, was limited to the ascertainment of the loss occasioned by the injury to the son; in view, however, of the fact that both cases were tried as one, and considered jointly by the jury, the judgment will not be reversed, and entered for plaintiffs for the damages assessed for the killing of the boy and · reversed with a venire facias as to the claim for the death of the daughter, but will be set aside generally and a new trial awarded.

Judgment of the court below is reversed with a venire facias de novo.