# Thomas *v.* Pennsylvania Railroad. Co. Appellant.

*Appeals—Verdict for plaintiff—Refusal of judgment n. o. v.—Evidence—Inferences.*

1. Where there is a verdict for plaintiff and the only error assigned on appeal is the refusal of judgment for defendant n. o. v., the appellate court must assume every fact and every inference favorable to plaintiff which the jury could find or draw from the evidence.

*Negligence—Railroads—Crossings—Signals—Evidence—Declarations of conductor—Res gestæ.*

2. The declarations of a conductor of a railroad train, immediately after an accident at a crossing that no whistle was sounded, are part of the res gestæ and admissible in evidence.

3. If the conductor denies making such a statement, the matter is for the jury.

*Negligence—Railroads—Crossings—"Stop, look and listen"—Evidence—Contributory negligence—Sudden peril—Error of judgment.*

4. The court cannot take a case from the jury where there is evidence that the person injured did stop, look and listen, although the great weight of evidence is to the contrary.

5. Where there is substantial conflict in the evidence as to the distance an approaching train is visible from a given point, the question is for the jury.

6. A traveler having once stopped, looked and listened, is not bound to stop again on or between the tracks to look and listen, although he must proceed with care, and keep a lookout so long as danger is to be apprehended; whether or not he does so is generally for the jury.

7. One placed in sudden peril without his fault, is not responsible for error of judgment.

*New trial—Evidence—Contradiction—Verdict against weight of evidence.*

8. Where a verdict rests largely upon a single witness whose testimony is strongly contradicted by that of other witnesses, and discredited by his own prior inconsistent statements, the proper remedy is a new trial.

Argued October 11, 1922. Appeal, No. 197, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny

Co., April T., 1921, No. 84, on verdict for plaintiff, in case of Blanche O. Thomas v. Pennsylvania Railroad Co. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband.    Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,500. Defendant appealed.

*Error assigned* was refusal of judgment for defendant **n. o. v.**

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant, cited: Walsh v. R. R., 222 Pa. 162; Miller v. R. R., 256 Pa. 142; Craig v. R. R., 243 Pa. 455.

*Albert C. Hirsch,* with him *Watson & Freeman,* for appellee, cited: Donovan v. P. R. T., 273 Pa. 152; Geiger v. Garrett, 270 Pa. 192; Keck v. Rys., 271 Pa. 479; Rice v. R. R., 271 Pa. 180; Milligan v. R. R., 261 Pa. 344; Baxter v. R. R., 264 Pa. 467; Jester v. R. R., 267 Pa. 10; Murtagh v. Dir. Gen., 271 Pa. 290.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This suit results from a grade-crossing accident. A branch of the defendant's railway, extending south from Pittsburgh to Brownville, passes through a small village known as Elco; it has a double-track, that to the west being southbound. The main street extends along the east side of the tracks, but there is another street coming up from the north on the west side of the tracks which turns east and crosses the railroad at grade. In the early afternoon of October 15, 1920, plaintiff's husband, Seth Thomas, while delivering meat and groceries to customers in an autotruck, came up the latter street and turned east upon this crossing where he was killed

on the second track by a northbound express train. There were no gates or other protection at the crossing. The trial resulted in a verdict and judgment for plaintiff, from which the defendant has appealed.

The only error assigned is the trial court's refusal to enter judgment for the defendant non obstante veredicto. At this stage of the case we must assume every fact and every inference favorable to plaintiff, which the jury could find or draw from the evidence. In the language of the present Chief Justice in Mountain v. American W. G. Co., 263 Pa. 181, 183, "On motion for judgment n. o. v., the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may reasonably be deduced from the evidence." To like effect are Donovan v. Phila. Rapid Transit Co., 273 Pa. 152; Geiger et al. v. Garrett, 270 Pa. 192; Jester v. Phila., B. & W. R. R. Co., 267 Pa. 10, and other cases. We must assume the truth of the evidence on behalf of plaintiff, including that of David C. Davis, who says, inter alia, that immediately after the accident he heard the conductor say the train did not whistle. This was competent as part of the res gestæ (see Moyer v. Pittsburgh, Mars & Butler Railway Co., 275 Pa. 363), and, as the conductor was not only in charge of the train but riding on the engine, it justified an inference that the usual crossing whistle had not been sounded. The conductor denied making such statement, but that was for the jury. The other evidence as to lack of proper signals was negative in character and, except as supported by the conductor's alleged admission, not seemingly sufficient to overcome the positive evidence that proper signals were given: Craft v. Hines, Dir. Gen. of R. R., 272 Pa. 499.

Again, Davis says, when the front wheels of the delivery truck were within some three feet of the first track, he saw Thomas stop and look up and down the track;

this, while in conflict with the testimony of disinterested witnesses, as well as with prior statements of Davis, both oral and written, was sufficient to render that question one of fact. "The court cannot take a case from the jury where there is evidence that the person injured did stop, look and listen, although the great weight of the evidence is to the contrary": Knepp v. Baltimore & O. R. R. Co., 262 Pa. 421. A question of fact supported by the positive evidence of one witness cannot be withdrawn from the jury no matter how strongly it may be contradicted: Hugo v. Baltimore & O. R. R. Co., 238 Pa. 594.

Appellant urges that even if the deceased did stop as claimed, he was still guilty of contributory negligence by driving in the path of the oncoming train. This phase of the case merits and has received our very careful consideration. It was a dangerous crossing because the traveler on the highway had to go up a grade to reach the tracks and more so because the railroad south of the crossing curved to the west; this, together with a high intervening bank, shut off the view of a northbound train until it came around the bend, which, according to the evidence of several witnesses for plaintiff, was from two to four hundred feet from the crossing; while, according to the testimony of a witness for defendant, an approaching train could be seen over eight hundred feet from where it is claimed Thomas stopped. This witness, however, made his observations in January when the view would be less obstructed by foliage upon the bank than in October. We agree with the trial court that, as to the extent of the view, the photographs seem to corroborate the witnesses for plaintiff. Where there is a substantial conflict in the evidence as to the distance an approaching train is visible from a given point, the question is for the jury: Milligan v. Phila. & R. Ry. Co., 261 Pa. 344; Baxter v. Phila. & R. Ry. Co., 264 Pa. 467.

Assuming the train was moving forty miles an hour, which is justified by the evidence, and that it could be seen four hundred feet from the crossing, the maximum

distance fixed by plaintiff's witnesses, it would cover that distance in less than seven seconds; while it is not clear that Thomas could start his truck and drive in low speed over both tracks, and the space between, in that time. As it takes some time to start a motor car and get up speed, it is impossible to apply a close mathematical test to such a situation: Shaffer v. Penna. R. R. Co., 258 Pa. 288. The train may not have been in sight when Thomas committed himself to the crossing. The truck moved about twenty-three feet from the place of the alleged stop until it was struck, passing over the first track, the space between the tracks and the front wheels over the second track; so it cannot fairly be affirmed that, in spite of what his eyes and ears must have told him, Thomas drove in front of a moving train and was immediately struck (see Waltosh v. Penna. R. R. Co., 259 Pa. 372). Had there been a single track only, that rule might be applied, but the traveler, having once stopped, is not bound to stop again on or between the tracks to look and listen (Murtagh v. Director Gen. of R. R., 271 Pa. 290), although he is bound to proceed with care and keep a look-out so long as danger is to be apprehended (Milligan v. Phila. & R. Ry. Co., supra); whether he does so is generally for the jury: Rice et ux. v. Erie R. R. Co., 271 Pa. 180; Benner v. Phila. & R. Ry. Co., 262 Pa. 307; Cohen v. Phila. & R. Ry. Co., 211 Pa. 227.

One placed in sudden peril without his fault is not responsible for an error of judgment (Knepp v. Baltimore & O. R. R. Co., supra); so, even if Thomas, when he saw the danger, might have escaped by stopping his truck or backing away, his failure to do so would not necessarily convict him of contributory negligence. He is presumed to have exercised due care as he proceeded and the contrary is not so clearly shown that it can be declared as a matter of law: see Ely v. Railroad, 158 Pa. 233.

Where a verdict rests largely upon a single witness whose testimony is strongly contradicted by that of

other witnesses, and discredited by his own prior inconsistent statements, the proper remedy is a new trial, but that was not applied for in this case.

The judgment is affirmed.