# Lawrence McNulty by His Mother and Next Friend, Elizabeth Curtis, and Elizabeth Curtis in Her Own Right, *v.* The Atlantic Refining Company, Appellant.

*Negligence—Automobiles — Collision with bicycle — Failure to give signal—Case for jury.*

In an action of trespass to recover injuries to a minor child, the evidence of the plaintiff was that the child was riding a bicycle along a city street when he was struck by the defendant's automobile, driven by an employee, who attempted to pass without giving proper signal. This was denied by the chauffeur, who testified positively that he did blow his horn.

*Held,* that the case was for the jury, and that a verdict for the plaintiff will be sustained.

Where the evidence on the part of the defendant's chauffeur was positive, the negative testimony of the plaintiff's witnesses that they did not hear the signal must be submitted to the jury with proper instructions as to the value of positive as opposed to negative testimony, one of defendant's witnesses having testified that his attention was drawn to the vehicles immediately before the collision.

Argued October 17, 1924. Appeals, Nos. 119 and 120, Oct. T., 1924, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1923, No. 9139, on verdict of plaintiff in the case of Lawrence McNulty by his Mother and Next Friend, Elizabeth Curtis, and Elizabeth Curtis in her own right, v. The Atlantic Refining Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for injuries to minor child. Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

424, (1925).] Assignment of Error—Opinion of the Court.

Verdict for plaintiff, Lawrence McNulty, in the sum of $537, and Elizabeth Curtis, in the sum of $38, and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*J. Barton Rettew,* and with him *Oscar H. Price,* for appellant.

*Harry A. Gorson,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

Lawrence McNulty, twelve years of age, was sent by his mother to pay her taxes. He was riding a bicycle in a northwardly direction on the east side of Broad Street in the City of Philadelphia about the middle of the east half of the street. He was overtaken by an automobile belonging to defendant driven by an employee. In attempting to pass the automobile struck the rear end of the bicycle and the boy was injured. The negligence charged was the carelessness of the driver of the automobile attempting to pass without giving warning as required by law and failing to allow sufficient clearance to escape striking the bicycle. If the chauffeur's story is to be believed there is no negligence. He stated he sounded his horn twice and the boy responded to his signal, turned out and then suddenly backed again. The boy testified that he heard no warning signal given and another witness testified that there was no noise; that the driver did not blow any horn or give any warning. Upon cross-examination he stated that he did not hear any warning. The pivotal point of the case is whether the evidence of the chauffeur that he blew his horn twice is sufficiently contradicted by the testimony of the boys that they heard no signal given. The appellant contends that the positive assertion of defendant's driver is not overcome by the negative testimony of the boys.

The learned trial judge in his charge gave full instructions to the jury as to the value of positive as against negative testimony. He very properly, however, made reference to the fact that the testimony of the boy on the sidewalk was, that his attention was directed to the bicycle and automobile and that he saw the automobile some distance back of the the bicycle and that there was no signal given, qualified later on by the statement that he heard none. This testimony required a submission of the case to the jury; Buckman v. Philadelphia & R. R. Co., 232 Pa. 351; Eline v. Western Maryland Ry. Co., 262 Pa. 33; Knepp v. B. & O. R. R. Co., 262 Pa. 421.

The assignments of error are overruled. The judgment is affirmed.